UNITED STATES of America, Plaintiff,

v.

REAL PROPERTY LOCATED AT 12310 SHORT CIRCLE, NEVADA CITY, NEVADA COUNTY, CALIFORNIA APN: 39–240–25, Including Appurtenances and Attachments Thereto, Defendant,

Norman Rhoades, Claimant.

No. CIV S–90–0450 WBS GGH.

United States District Court, E.D. California.

June 1, 1995.

U.S. Atty., Sacramento, CA, for plaintiff.

Sherwood M. Sullivan, Hopkins and Carley, San Jose, CA, for claimant Kingsley–Chan.

James E. Dremann, Law Offices of James E. Dremann, Nevada City, CA, for claimant Loree Jean Rhoades.

## ORDER

SHUBB, District Judge.

On April 13, 1995, the magistrate judge filed findings and recommendations herein which were served on the parties and which recommended that claimant's motion for return of property be denied.

This court reviews de novo those portions of the proposed findings of fact to which objection has been made. 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Business Machines*, 656 F.2d 1309, 1313 (9th Cir.1981), *cert. denied*, 455 U.S. 920, 102 S.Ct. 1277, 71 L.Ed.2d 461 (1982). As to any portion of the proposed findings of fact to which no objection has been made, the court assumes its correctness and decides the motions on the applicable law. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir.1979). The magistrate judge's conclusions of law are reviewed de novo. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir.1983).

No objections were filed within the ten-day period provided by Local Rule 304(b). The court has reviewed the applicable legal standards and, good cause appearing, concludes that it is appropriate to adopt the Proposed Findings and Recommendations in full. Accordingly, IT IS ORDERED that:

1. The Proposed Findings and Recommendations filed April 13, 1995, are ADOPTED;

2. Claimant's motion for return of property is denied.

## FINDINGS AND RECOMMENDATIONS
### April 13, 1995

HOLLOWS, United States Magistrate Judge.

Previously pending on this court's law and motion calendar for April 6, 1995, was a "Motion for Return of Property," filed by claimant Norman Rhoades, in *pro se*. While designated a motion pursuant to Fed. R.Crim.P. 41(e), the matter is properly considered a motion pursuant to Fed.R.Civ.P. 60(b)(5) and/or (b)(6) (relief from judgment or order),[1] for relief of the Final Judgment of Forfeiture rendered in this case March 27, 1991. This matter was referred to the undersigned for Findings and Recommendations.[2] Although Mr. Rhoades did not appear at the hearing, the court in its discretion heard the matter, and hereby renders its decision on the merits.

### BACKGROUND

By order filed March 27, 1991, a Final Judgment of Forfeiture was rendered in this case, forfeiting to the United States all rights, title, and interest of all persons and entities in defendant real property (specifically, Norman Rhoades, Loree Rhoades, and Bail House Bail Bonds), except as to the interest of Kingsley Chan, whose deed of trust (in the amount of $2264.18) was to remain in full force and effect as a lien against the property until the promissory noted secured by the deed was paid in full.

Prior to the Final Judgment of Forfeiture, the United States and claimant Loree Rhoades entered into a settlement of her claim of the property. Pursuant to the terms of the Final Judgment, the sale of defendant property was stayed for a period of 90 days to permit Loree Rhoades time to pay plaintiff $115,000.00 in consideration for obtaining all rights, title and interest in defendant property as her sole and separate property. Loree Rhoades tendered this money within the requisite time, and the defendant property was grant deeded to her by the United States on May 8, 1991. Opposition, at 4, n. 1.

The March, 1991, Final Judgment of Forfeiture concluded the forfeiture *in rem* action initially filed April 10, 1990, pursuant to 21 U.S.C. § 881(a)(7), upon the plaintiff's unrebutted showing that there was probable cause to believe defendant property had been used to manufacture marihuana. An indictment had issued on December 21, 1989, charging Norman and Loree Rhoades, husband and wife, each with one count of manufacturing marihuana, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. On January 23, 1991, Norman Rhoades was convicted of violating 21 U.S.C. § 841(a)(1), and there-

---

1. Although civil forfeitures may incorporate principles of criminal law as hereafter indicated in the text, e.g., double jeopardy, proportionality of punishment, there is no doubt that the civil forfeiture action remains a *civil* action subject to *civil* rules of procedure, specifically the Supplemental Rules of Admiralty Proceedings and to the extent not inconsistent therewith, the Federal Rules of Civil Procedure. *United States v. One 1978 Piper Cherokee Aircraft*, 37 F.3d 489, 493 (9th Cir.1994). Generally, the Admiralty Rules apply to the institution of the suit and service thereof; the subsequent in-court procedures are governed by ordinary civil rules of procedure. Thus, claimant's motion made pursuant to the Federal Rules of Criminal Procedure is improperly brought as such. The motion must be considered as one to reopen a civil judgment, and only Fed.R.Civ.P. 60 may be utilized to accomplish this task.

Fed.R.Civ.P. 60(b)(5) and (6) provide:
On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
... (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which is it based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
(6) any other reason justifying relief from the operation of the judgment.
The motion shall be made within a reasonable time ...

2. As a general rule, matters contemplated by Fed.R.Civ.P. 41 are to be determined by a Magistrate Judge. E.D.Cal.L.R. 302(b)(6). Motions pursuant to Fed.R.Civ.P. 60 are directed in the first instant to the District Judge, who may in turn refer such matters to the Magistrate Judge, E.D.Cal.L.R. 302(a), as was done in this case by order of Judge Shubb filed December 22, 1994. The undersigned's prior tenure at the U.S. Attorney's Office provides no basis for his recusal in this matter. *See* Order filed March 7, 1995.

after sentenced to sixty (60) months in prison. All charges against Loree Rhoades were dismissed. Plaintiff's motion for summary judgment on the underlying complaint in the civil forfeiture action, filed February 6, 1991, was granted March 25, 1991.

On December 9, 1994, claimant Norman Rhoades filed the instant "Motion for Return of Property."

*DISCUSSION*

Claimant contends that the civil forfeiture of his property, following his criminal conviction for the same conduct underlying the civil forfeiture action, constituted a violation of his rights against Double Jeopardy set forth in the Fifth Amendment to the United States Constitution. He relies on the Ninth Circuit's recent decision in *United States v. $405,089.23*, 33 F.3d 1210 (9th Cir.1994), *amended* 56 F.3d 41 (1995) which held that the government's pursuit of a civil forfeiture action (pursuant to 21 U.S.C. § 881(a)(6) (proceeds of illegal narcotics transactions)) involving the same conduct which underlied a separate criminal proceeding ("identical violations of [ ] identical laws," 33 F.3d at 1216) constituted "punishment" in violation of the Double Jeopardy Clause. *See also, Quinones–Ruiz v. United States*, 864 F.Supp. 983, 986–91 (S.D.Cal.1994) on reconsideration 873 F.Supp. 359 (S.D.Cal.1995) (forfeiture of currency pursuant to 31 U.S.C. § 5317(c)). Claimant also relies, as did the Ninth Circuit, on the Supreme Court's decisions in *United States v. Halper*, 490 U.S. 435, 448, 109 S.Ct. 1892, 1902, 104 L.Ed.2d 487 (1989) (wherein the Court held, in a civil action pursuant to the False Claims Act, that "a civil sanction that cannot fairly be said solely to serve a remedial purpose, but rather can only be explained as also serving either retributive or deterrent purposes, is punishment, as we have come to understand the term"), and *Austin v. United States*, — U.S. —, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993) (applying the *Halper* test to conclude that a civil forfei-

ture action pursuant to 21 U.S.C. §§ 881(a)(4) and (a)(7) constituted "punishment," and was therefore subject to the Eighth Amendment's Excessive Fines Clause). Mr. Rhoades seeks return of his real property or "its monetary equivalent." Reply, at 5.

The United States opposes Mr. Rhoades' motion on the ground that *United States v. $405,089.23* should not be applied retroactively (relying on the factors set forth in *Chevron Oil Company v. Huson*, 404 U.S. 97, 106–07, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971)), or, alternatively, that the court enter an order staying this case until all appeals in *United States v. $405,089.23*, 33 F.3d 1210 (9th Cir. 1994), have been completed. Opposition, at 1. The United States sought a rehearing by the Ninth Circuit *en banc*, which was recently denied over dissent, and will likely petition for certiorari to the U.S. Supreme Court.

 The court need not reach as far as the United States proposes, for the claimant has failed to set forth a valid basis for granting the requested relief pursuant to Fed. R.Civ.P. 60.[3] Even assuming the continued vitality of *United States v. $405,089.23*, the Ninth Circuit has held that " 'a change in the applicable law after a judgment has become final in all respects is not a sufficient basis for vacating the judgment' under Rule 60(b)(5). *Tomlin v. McDaniel*, 865 F.2d 209, 210 (9th Cir.1989)." *Clifton v. Attorney General of State of California*, 997 F.2d 660, 665 (9th Cir.1993). There is no reasonable basis for distinguishing the application of this rule to subsection 60(b)(6). The change in law represented by *$405,089.23* took place long after the judgment in this case became final, specifically, three and one-half years after entry of the Final Judgment of Forfeiture, and is therefore not a sufficient basis for vacating that judgment.

There is no doubt in this court's view that *United States v. $405,089.23* works a change

3. Moreover, the application of *Chevron Oil* by the United States is not appropriate in the context of this case. Not only has the *Chevron Oil* holding been rejected, resurrected, again repudiated etc. over the years, *see, Harper v. Virginia Dept. of Taxation*, — U.S. —, —––—, 113 S.Ct. 2510, 2516–2517, 125 L.Ed.2d 74 (1993), the

principle of retroactive application of controlling decisions applies only to application in other civil cases *which are not yet final* at the time the controlling decision is issued. This case was finally adjudicated long *before* the controlling decision (*United States v. $405,089.23* ) was issued.

in the law. No prior case had, to the undersigned's knowledge, held that the Double Jeopardy Clause applied in civil forfeiture actions, such that a prior criminal conviction would bar a related, but later initiated, civil forfeiture action. Indeed, the case reporters are full of cases adjudicating civil forfeitures after a related criminal conviction had been adjudged, and that fact is evident from the text of the *$405,089.23* decision itself wherein previous on-point decisions refusing to find the Double Jeopardy Clause applicable were rejected. Certainly, there was no controlling authority applying the Double Jeopardy Clause at the time the Ninth Circuit issued its decision in *$405,089.23*. The court finds that the *$405,089.23* decision worked a substantial change in previous law.

■ To the extent that claimant argues in the alternative that the fairly recent Ninth Circuit double jeopardy decision was clearly previewed by prior Supreme Court decisions, and hence a mere clarification of existing law in existence at the time of the 1991 judgment herein, claimant's alternative argument remains unavailing. Claimant seeks to discount the significance of the "subsequent change" and/or retroactivity issue by asserting that his motion equally relies on the Supreme Court's ruling in *Halper*, which was rendered more than a year before the judgment of forfeiture in this case. Assuming that *Halper* controls this case, claimant apparently was, or should have been, well aware of the *Halper* decision at the time this civil forfeiture case was adjudicated. Yet, claimant advances no justification whatsoever for seeking to reopen his judgment years after the *Halper* decision was issued. Claimant did not even appear at the hearing to respond to the court's questions in this regard. Motions pursuant to Rule 60(b)(5) and (6) must be made "within a reasonable time" (*see* n. 1, *supra*). Claimant's nearly five-year delay in filing this motion following the *Halper* decision cannot be said to have been within a "reasonable time," and claimant has presented no good cause for his delay.

Either *$405,089.23* worked a significant change in the law, and is hence inapplicable to this long ago decided case, or it did not, and prior law which claimant could have utilized was in effect thereby rendering claimant's present motion inexcusably tardy. Under either argument, claimant's motion must fail.

FOR THESE REASONS, the court recommends that claimant's motion be denied.

These findings and recommendations are submitted to the Honorable William B. Shubb, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst,* 951 F.2d 1153 (9th Cir.1991).

IT IS SO ORDERED.