**UNITED STATES of America, Plaintiff,**

v.

**ONE PARCEL OF REAL PROPERTY, WITH BUILDINGS, ATTACHMENTS, AND APPURTENANCES, COMMONLY KNOWN AS 88843 ROSS LANE, SPRINGFIELD, LANE COUNTY, OREGON, IN REM, Defendant.**

**Civ. No. 89–772–BE.**

United States District Court,
D. Oregon.

Nov. 27, 1995.

Kristine Olson, United States Attorney and Leslie J. Westphal, Assistant United States Attorney, Portland, OR, for Plaintiff.

Jerry D. Stewart, Sheridan, OR, Claimant, pro se.

## OPINION

HOGAN, Chief Judge.

Jerry Donald Stewart moves for relief from a default judgment in order to reopen this civil forfeiture case and assert a claim. The motion has been set for decision without oral argument, and is now under advisement. For the reasons stated below, the motion is denied.

## BACKGROUND

On April 22, 1989, a search warrant was executed at the defendant real property, known as 88843 Ross Lane, Springfield, Oregon. Items used in the manufacturing and distribution of methamphetamine were seized from the house, which was the residence of Stewart. On May 3, 1989, a criminal indictment on federal charges was issued against Stewart. On September 11, 1989, Stewart entered a guilty plea to counts 1 and 2 of an information which charged him with conspiracy to manufacture, possess and distribute methamphetamine in violation of 21 U.S.C. §§ 841(a) and 846, and failure to file income tax returns in violation of 26 U.S.C. § 7201. Stewart was sentenced to 169 months of imprisonment on November 21, 1989.

On July 20, 1989, the United States filed a complaint *in rem* for forfeiture against the property at 88843 Ross Lane. Jerry Stewart was personally served with notice of the civil forfeiture action. His attorney was also served with notice of the action. Stewart did not file a claim to the defendant property. The only claimant was Lane County, which subsequently reached a settlement with the United States. The case was concluded by the entry of an order of default and default judgment of forfeiture on February 5, 1990.

## DISCUSSION

Stewart moves for relief pursuant to Fed. R.Civ.P. 60(b), seeking to reopen the case and assert a claim to the defendant property. Stewart contends that he would be able to defeat the forfeiture based on recent developments in the law, namely the extension of double jeopardy principles to civil forfeitures, and the requirement of pre-seizure notice in forfeiture cases. *See, United States v. $405,-089.23 U.S. Currency,* 33 F.3d 1210 (9th Cir. 1994), *as mod. on den. of rehrg.,* 56 F.3d 41 (1995); *United States v. James Daniel Good Real Property,* —— U.S. ——, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993).

Rule 60(b) provides that the court may relieve a party from a final judgment for a variety of reasons, including the catchall provision in subsection (6), "any other reason justifying relief from the operation of the judgment." A motion for relief under Rule 60(b) shall be made "within a reasonable time."

 Ninth Circuit precedents establish that a change in the applicable law after a judgment has become final is not a sufficient basis for vacating a judgment under Rule 60(b). *Tomlin v. McDaniel,* 865 F.2d 209, 210 (9th Cir.1989); *Clifton v. Attorney General of State of California,* 997 F.2d 660, 665 (9th Cir.1993). Stewart attempts to avoid this holding by arguing that the decision in *$405,089.23* represents a clarification rather than a change in the existing law, based on the application of *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), and *Austin v. United States,* —— U.S. ——, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993).

However, if I accept this argument, I am led inescapably to the conclusion that Stewart has failed to bring his motion within a reasonable time. *Halper* was decided before this forfeiture case was initiated in July 1989. Yet Stewart let a default judgment be entered in the case and waited over four years before bringing this motion for relief. In *United States v. Real Property Located at 12310 Short Circle,* 162 F.R.D. 136 (E.D.Cal. 1995), the court refused relief under Rule 60(b) where the claimant in a civil forfeiture case waited three and one half years before moving for relief from a judgment entered in March, 1991. The court summed up its well-reasoned decision as follows:

Either *$405,089.23* worked a significant change in the law, and is hence inapplicable to this long ago decided case, or it did not, and prior law which claimant could have utilized was in effect thereby rendering claimant's present motion inexcusably

**338**

tardy. Under either argument, claimant's motion must fail.

162 F.R.D. at 139. I find that the same rationale applies in this case, where more than four years passed between the judgment and the motion for relief.

■ In addition, I find that Stewart has not shown a likelihood of success if the case is reopened. Stewart contends that the forfeiture is barred by double jeopardy because he was previously convicted of the same offense. However, the Ninth Circuit has ruled that jeopardy does not attach where a potential claimant fails to assert a claim in civil forfeiture proceedings. *United States v. Cretacci,* 62 F.3d 307 (9th Cir.1995). Stewart argues that *Cretacci* applies only to administrative forfeitures, but its rationale applies equally well to judicial forfeitures where a potential claimant abandons the property by failing to assert a claim. The Ninth Circuit recently reaffirmed the principles of *Cretacci* in *United States v. Washington,* 69 F.3d 401 (9th Cir.1995), using language that is applicable to both administrative and judicial forfeitures.

■ Stewart's contentions based on the *James Daniel Good Real Property* decision are also without merit. Stewart argues that the forfeiture was invalid because the United States did not provide notice to him before the property was seized. However, the rule of law announced in *James Daniel Good Real Property* applies retroactively only in civil cases on direct review or not yet final when the rule is announced. *United States v. Real Property Located at 20832 Big Rock Drive, Malibu, California,* 51 F.3d 1402, 1406 (9th Cir.1995). This case was final long before the Ninth Circuit and the Supreme Court found a due process violation in *James Daniel Good Real Property,* in April 1992 and 1993, respectively.

Accordingly, I find that Stewart did not move for relief within a reasonable time after

judgment was entered in this case. In addition, I find that Stewart has not shown a meritorious defense to the forfeiture based either on double jeopardy or due process principles. Therefore, I conclude that there is no basis for relief from judgment under Rule 60(b).

### CONCLUSION

Stewart's motion for relief from default pursuant to Fed.R.Civ.P. 60(b) is denied.