**UNITED STATES of America, Plaintiff,**

v.

**REAL PROPERTY described as 3947 Locke Avenue, Los Angeles, California,**

**Real Property described as Parcel 18 of Map No. 27 Riverside, California,**

**Real Property described as Parcel 56 of Map No. 27 Riverside, California, Defendants.**

**David Chow, Claimant.**

**Nos. CV89–2355–IH, CV89–2703–IH and CV89–2704–IH.**

United States District Court, C.D. California.

Dec. 21, 1995.

Nora Manella, United States Attorney, Carla A. Ford, Assistant United States Attorney, Los Angeles, CA, for U.S.

David Chow, Rowland Heights, CA, in propria persona.

## ORDER DENYING MOTIONS TO REOPEN JUDGMENTS

IRVING HILL, District Judge.

In each of the above entitled cases the Court has before it a motion filed by David Chow, claimant, appearing pro per. Each said motion will be more particularly described *infra*.

All of the within cases were filed in 1989. Each of them is a petition for forfeiture of property pursuant to 21 U.S.C. § 881 (forfeiture based on illegal drug activity). In each case the government sought to forfeit a piece of real property which was described in the caption of each case. In each case only one claim was filed by a person claiming legal title or ownership, i.e., Mr. David Chow. In each case Chow was represented by attorney Paul L. Gabbert. Other and minor claims were filed by institutions holding trust deeds.

In the year 1990, in each case, a stipulated judgment called "Consent Judgment" was executed and entered into by the parties and the Court. In each consent judgment the claimant acknowledged that probable cause for seizure and forfeiture existed and con-

sented to a judgment of forfeiture in favor of the plaintiff United States of any and all interest of the claimant in the property.

The consent judgments in the three cases were entered on the following dates:

Case CV89–2355–IH, judgment entered June 7, 1990;

Case CV89–2703–IH, judgment entered June 20, 1990;

Case CV89–2704–IH, judgment entered June 20, 1990.

In case CV89–2355–IH, the parties, even before the execution of the consent judgment, stipulated that the property in question could be sold and the funds realized could be substituted for the defendant property. The sale did occur and the funds were substituted as agreed so that the consent judgment became consent to the government's taking title to the funds realized from the sale rather than to the property itself.

The Court is informed that on November 28, 1989, the claimant Chow was convicted in this district of criminal offenses involving drugs. The Court is further informed that Mr. Chow was sentenced to a term in prison. Each judgment became final in 1990.

In all three cases the Court is informed that the real property in each case was sold by the government to a bona fide purchaser for value.

The instant motions, which are in almost identical form, seek return of the forfeited properties. The motions were filed as follows: One motion, in a single blue back but applicable to two cases, CV89–2703 and CV89–2704, was filed under date of April 14, 1995. A second motion, applicable only to case CV89–2553, was filed on the same date. Each motion is denominated "Motion for Return of Property."

By minute order of September 1, 1995, after the Court had received opposition to each motion from the government, the Court ruled that each motion would be treated as a motion to reopen a civil judgment under Federal Rule of Civil Procedure 60(b). The Court gave each side the opportunity to file an additional memorandum of points and authorities directed both to Federal Rule of Civil Procedure 60(b) and a district court opinion thereunder cited in the minute order. Both sides, pursuant to the Court's invitation, filed additional briefing.

The Court has considered the motion in each case, together with the points and authorities, evidence and other documents filed in support thereof and in opposition thereto. No hearing is necessary or appropriate.

For the reasons stated below, the motion to reopen the judgment in each case is denied. Thus, the request in each case for return of the forfeited property is also denied.

Chow, the claimant in each case, relies primarily, if not exclusively, on an opinion of the 9th Circuit in *U.S. v. $405,089.23*, 33 F.3d 1210 (9th Cir.1994). In that forfeiture case the sequence of events was as follows: Claimants were indicted for drug offenses in the federal court. Before the criminal trial, the government commenced the civil forfeiture case seeking forfeiture of currency and other property on the grounds of involvement in those same drug offenses. The criminal case went to trial and resulted in the convictions of claimants. Thereafter the government moved for summary judgment in the civil forfeiture case and it was granted. The claimants appealed the forfeiture judgment to the Court of Appeals. The Court of Appeals reversed the forfeiture judgment on the ground that a forfeiture judgment following a criminal conviction for the same essential drug offenses would be regarded as double jeopardy in violation of the 5th Amendment of the U.S. Constitution. The Court of Appeals, based on Supreme Court holdings which did not compel such a result, gave to the civil forfeiture proceeding the status of a second criminal conviction. *U.S. v. $405,089.23* is the first case in which a civil forfeiture judgment following a criminal conviction was held to involve double jeopardy. Although I believe the reasoning of *$405,089.23* may well be flawed, I am bound by its ruling.

While acknowledging that this Court is bound by *$405,089.23*, the government argues that that decision does not vest in the claimant any right to reopen the instant cases.

The government points out that in *$405,- 089.23*, the forfeiture case was still open when it was appealed to the Court of Appeals, and was thus a direct appeal of the forfeiture judgment. But in the instant cases, the forfeiture judgments became final more than five years ago.

The government argues that this claimant's right to reopen the forfeiture judgments is governed exclusively by F.R.Civ.P. 60(b). I agree and my minute order of September 1, 1995, is based on that premise. The government further argues that under well established law, any litigant seeking a right to reopen under Rule 60(b) must bring himself within one of the fact situations listed in that rule. *U.S. v. One 1978 Piper Cherokee Aircraft,* 37 F.3d 489 (9th Cir.1994); *U.S. v. Real Property Located at 12310 Short Circle,* 162 F.R.D. 136 (E.D.Cal.1995). I also agree with that contention.

Rule 60(b) lists a number of factual situations that permit reopening of final judgments which are clearly inapplicable to the instant cases, i.e. mistake, inadvertence, surprise or excusable neglect, newly discovered evidence, and fraud. Chow makes no claim with respect to these.

Chow does attempt to bring himself within three of the other factual situations listed in the Rule. They are:

(1) A void judgment (Rule 60(b)(4));

(2) A judgment based upon a prior judgment which has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application (Rule 60(b)(5));

(3) *Any other reason justifying relief from* the operation of the judgment (Rule 60(b)(6)).

Chow's claim under Rule 60(b)(4) that the instant judgments of forfeiture are void judgments can be quickly disposed of. Chow's only basis for this claim is his assertion that this Court "lacked jurisdiction" when it entered them. That claim is clearly of no merit. This Court had clear jurisdiction to enter each judgment. Chow cannot bring himself within Rule 60(b)(4).

Likewise, Chow's claim that he is entitled to reopen the instant judgments under Rule 60(b)(5), because a prior judgment upon which they are based has been reversed, also may be quickly disposed of. The rule itself says that the "prior judgment" must be one upon which the instant judgment sought to be reopened "is based." Chow does not point to the reversal of any prior judgment upon which the instant forfeiture judgments are based. He merely claims that the issuance of the Circuit Court's opinion in *$405,089.23* qualifies him to reopen under Rule 60(b)(5). This claim must also be rejected. Rule 60(b)(5) requires a showing that the prior judgment which has been reversed governs the judgment sought to be reopened in a res judicata or collateral estoppel sense. *Tomlin v. McDaniel,* 865 F.2d 209, 210–211 (9th Cir.1989). No such situation exists here. Chow's criminal conviction has not been reversed. In fact, no judgment related to the instant forfeitures has been reversed. There is no basis for any claim of collateral estoppel or res judicata. Thus, Chow's claim under the "prior judgment" of Rule 60(b)(5) is meritless.

Rule 60(b)(5) contains a second clause which allows for relief from a final judgment when "it is no longer equitable that the judgment should have prospective application." It is clear from the language of the rule that the judgment referred to as having prospective application is the very judgment sought to be reopened. In the instant cases the three *judgments of forfeiture have no pro*spective application. They have been fully executed and nothing in them is still executory. Therefore, Chow's claim under this second clause of Rule 60(b)(5) is of no merit.

This leaves one last possibility, in Chow's approach, for reopening the instant forfeiture judgments, i.e., Rule 60(b)(6) which authorizes reopening for "any other reason justifying relief from the operation of the judgment."

Chow argues that the filing of the Ninth Circuit's decision in *$405,089.23* is a reason justifying relief from the operation of forfeiture judgments. However, it is well settled that Rule 60(b)(6) is to be "used sparingly" and only to "prevent manifest injustice."

*U.S. v. Alpine Land & Reservoir Co.,* 984 F.2d 1047, 1049 (9th Cir.1993). "The rule is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.*

■ Chow's central argument under Section 60(b)(6) is that the change in the law embodied in *$405,089.23* qualifies as an "extraordinary circumstance" under the rule. His argument must be rejected. A change in the law does not constitute an extraordinary circumstance under Rule 60(b)(6). *Tomlin v. McDaniel,* 865 F.2d 209 (9th Cir.1989); *U.S. v. Real Property Located at 12310 Short Circle,* 162 F.R.D. 136 (E.D.Cal.1995).

It should not be forgotten that Chow entered into the consent judgments at issue voluntarily and on the advice of counsel. Moreover, he never appealed the judgments. More than five years elapsed between the judgments and the filing of the instant motions. Chow cannot meet any reasonable requirement of timely action.

Chow makes one other argument that appears wholly separate from the language of Rule 60(b). He argues that the decision in *$405,089.23* must be regarded as having retroactive application and must be construed as requiring the voiding of all forfeiture judgments that followed criminal convictions where the ground for the forfeiture and the criminal conviction were essentially the same.

So far as we can determine, only one court has considered this specific question. It is the district court in *Short Circle supra.* The decision is that of a Magistrate Judge which was later adopted and promulgated as the decision of the District Court Judge. The facts in *Short Circle* are essentially the same as those before the Court in this case. In *Short Circle,* the court, as we have done, rejected various attempts by the claimant to bring himself within the criteria of Rule 60(b).

On the issue of whether the decision in *$405,089.23* should be regarded as retroactive so as to invalidate civil forfeiture judgments, the *Short Circle* court observed that the principle of retroactive applications of controlling decisions in the area of civil law applies only to other civil cases which are not yet final at the time the controlling decision was issued. *Short Circle,* 162 F.R.D. at 138 n. 3. The Supreme Court has enunciated that rule in *Chicot County Drainage Dist. v. Baxter State Bank,* 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329 (1940), reaffirmed in dicta in *Teague v. Lane,* 489 U.S. 288, 307, 109 S.Ct. 1060, 1074, 103 L.Ed.2d 334 (1989).

One other comment on Chow's retroactivity argument is appropriate. Even if Chow could claim some benefit from a retroactive appellate court decision, I do not read the opinion in *$405,089.23,* as intended to have any retroactive effect. The opinion contains no statement or other indication that it was intended to have a retroactive effect. In fact, the language of the Court of Appeals in *$405,089.23* appears to demonstrate an intention that the decision therein be prospective only. For example, the circuit court said,

> Because in the case of statutes like those before us a criminal prosecution and a forfeiture action based on the same offense must *now* be brought in the same proceeding—that is, the same indictment—the government *will often be forced to choose* whether to include a criminal forfeiture count in the indictment (and thus forego the favorable burdens it would face in the civil forfeiture proceeding) or to pursue only the civil forfeiture action (and thus forego the opportunity to prosecute the claimants criminally). If, in such cases, the government wishes both to obtain forfeiture and to impose other forms of criminal punishment, it *"will have to rely* to a much greater extent on criminal forfeiture."* [Citations omitted.] It is entirely reasonable to put the government to this choice.

*U.S. v. $405,089.23, supra,* at 1222 (emphasis added).

For the reasons above stated, Chow's motion to reopen each of the above entitled cases is DENIED.

The Clerk shall transmit a copy of this order by U.S. mail to all counsel of record.