**UNITED STATES of America, Plaintiff,**

v.

**1989 FORD AEROSTAR XLT VAN, ID NO. 1FMDA11V6KZA93896, Its Tools and Appurtenances, in rem, Defendants.**

Civil No. 91–956–FR.

United States District Court,
D. Oregon.

May 1, 1996.

Kristine Olson, United States Attorney, Kenneth C. Bauman, Assistant United States Attorney, Portland, OR, for Plaintiff.

Joseph A. Ruggio, Grants Pass, OR, Pro Se.

## OPINION

FRYE, District Judge.

The matter before the court is the motion of the claimant, Joseph A. Ruggio, for relief from judgment in this civil forfeiture case. Ruggio seeks to reopen this case to assert a double jeopardy claim based on *United States v. $405,089.23 U.S. Currency*, 33 F.3d 1210 (9th Cir.1994), *cert. granted,* —— U.S. ——, 116 S.Ct. 762, 133 L.Ed.2d 707 (1996). The United States opposes the motion.

### FACTS AND PROCEDURAL HISTORY

On March 29, 1991, a federal search warrant was executed at a residence located at 8151 Rogue River Highway, Jackson County, Oregon, the home of Joseph and Janet Ruggio. Approximately 111 marijuana plants were seized and a small quantity of marijuana was found in a 1989 Ford Aerostar XLT van. Joseph Ruggio was arrested and the van was seized at the time of the search.

On April 18, 1991, a federal grand jury returned a one-count indictment charging Ruggio with the crime of manufacturing and possessing marijuana with the intent to dis-tribute the marijuana in violation of 21 U.S.C. § 841(a)(1). On July 17, 1991, Ruggio entered a plea of guilty to the crime charged in the indictment. On September 26, 1991, Ruggio was sentenced to a term of 51 months in prison; however Ruggio was allowed to remain free on bail pending the appeal of his conviction. He did not prevail on appeal and, therefore, began to serve his sentence on March 29, 1993. The sentencing judge later reduced the term of Ruggio's sentence and he was released from prison on November 1, 1995. Ruggio remains under the supervision of this court.

Following Ruggio's conviction, the federal Drug Enforcement Administration (DEA), initiated administrative proceedings to cause Ruggio to forfeit his Ford Aerostar van to the government. On July 24, 1991, the DEA notified Ruggio of its intent to initiate forfeiture proceedings. Ruggio posted a cost bond with the DEA, thereby causing the matter to be referred to the United States Attorney for institution of a civil *in rem* forfeiture action. The United States filed this action on September 13, 1991. Ruggio filed a claim and an answer on October 31, 1991.

The United States sought discovery from Ruggio, and Ruggio responded by moving the court to stay the civil forfeiture proceeding pending the resolution of the appeal of his criminal case. The motion to stay was granted, and no action was taken in this case until April of 1993, when this court lifted the stay and issued a scheduling order. In July of 1993 the United States reached a settlement with Ruggio, who was represented by counsel. Pursuant to the settlement agreement between the government and Ruggio, the cost bond was returned to Ruggio, and the United States obtained a default judgment against the defendant van. Pursuant to the settlement agreement, an order of default was entered against the van on August 9, 1993. A final judgment of forfeiture was filed on August 23, 1993.

Ruggio now seeks to reopen this civil forfeiture proceeding to assert a claim of double jeopardy based upon the decision in *United States v. $405,089.23 U.S. Currency*, 33 F.3d 1210 (9th Cir.1994), *cert. granted,* —— U.S. ——, 116 S.Ct. 762, 133 L.Ed.2d 707 (1996).

This court denied the motion of the United States to stay a decision on Ruggio's motion to reopen on November 29, 1995. The motion to reopen has been briefed and is now ready for decision.

## LEGAL STANDARD

Ruggio seeks relief from judgment pursuant to Fed.R.Civ.P. 60(b), which authorizes the court to relieve a party from a final judgment for any of the following reasons: 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence; 3) fraud, misrepresentation, or other misconduct of an adverse party; 4) the judgment is void; 5) the judgment has been satisfied, released, or discharged, or it is no longer equitable that the judgment should have prospective application; or 6) any other reason justifying relief from the operation of the judgment. Such a motion must be made within a reasonable time, and motions based upon the first three grounds must be made within a year of the entry of the judgment.

## CONTENTIONS OF THE PARTIES

Ruggio contends that the forfeiture of his property places him in double jeopardy. Ruggio seeks relief from the judgment in this case in order to raise the defense of double jeopardy to the forfeiture of the defendant van. He contends that relief is appropriate under either subsection (4) of Rule 60(b), which allows relief when a judgment is void, or subsection (6) of Rule 60(b), which allows relief for any other reason found to be adequate by the court.

The United States contends that: 1) there is no basis for a finding that the judgment is void; 2) a change in the law after the entry of a final judgment does not constitute grounds for relief from the judgment; and 3) Ruggio waived his right to challenge the judgment by entering into the settlement agreement upon which the judgment is based.

## RULING OF THE COURT

■ Relief from the entry of a judgment may be granted where the judgment is void due to lack of subject matter jurisdiction or a violation of procedural due process. *Wages v. IRS*, 915 F.2d 1230, 1234 (9th Cir.1990), *cert. denied*, 498 U.S. 1096, 111 S.Ct. 986, 112 L.Ed.2d 1071 (1991); *Simer v. Rios*, 661 F.2d 655, 663–64 (7th Cir.1981). Ruggio has not suggested, however, these reasons for claiming that the judgment at issue in this case is void per se. Accordingly, there is no basis for relief under Rule 60(b)(4).

■ The courts have consistently held that a change in the law after a judgment has become final is not a sufficient basis for a court to vacate the judgment. *Clifton v. Attorney General of State of California*, 997 F.2d 660, 665 (9th Cir.1993); *Tomlin v. McDaniel*, 865 F.2d 209, 210 (9th Cir.1989). This rule was developed to protect the interest of the judicial system in the finality of judgments. The judgment in this case was entered on August 9, 1993. No appeal was taken from the entry of the judgment. The Ninth Circuit did not issue its decision in *$405,089.23 U.S. Currency* until September of 1994. The decision of the Ninth Circuit came after the judgment in this case was final in all respects.

■ Ruggio argues that the decision of the Ninth Circuit was not a change in the law; rather, it was the natural outgrowth of a line of Supreme Court decisions including *United States v. Halper*, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), and *Austin v. United States*, 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993). Indeed, this court has ruled that "*$405,089.23* did not establish a new rule within the meaning of *Teague* [*v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) ], but merely applied an old rule in a new factual setting." *United States v. Stanwood*, 872 F.Supp. 791, 797 (D.Or.1994). However, this ruling does not help Ruggio, because if *$405,089.23* was simply a clarification of existing law, Ruggio should have raised his defense of double jeopardy before the entry of final judgment in this case.

Ruggio next argues that this case is distinguishable from other recent cases where relief from judgment has been denied, because he filed a claim in the civil forfeiture proceedings and did not wait an unduly long period of time before seeking relief from judgment. This case is, indeed, distinguishable on these grounds from *United States v. Real Property*

*Located at 12310 Short Circle,* 162 F.R.D. 136 (E.D.Ca.1995), and *United States v. 88843 Ross Lane,* CV89–772, slip opin. of Nov. 27, 1995 (D.Or., Hogan, J.). However, while these distinctions give Ruggio a sympathetic argument, they do not provide him with a basis in law for relief.

■ The United States contends that Ruggio waived his right to seek relief from the judgment of forfeiture by entering into a settlement agreement. The settlement agreement does not specifically address the subject of double jeopardy, but it does contain language generally waiving any claims "whether presently or hereafter known." Ordinarily courts will not grant relief from judgment where the parties make a strategic decision to enter into a settlement agreement. *United States v. Bank of New York,* 14 F.3d 756 (2d Cir.1994).

The Ninth Circuit has not given any guidance to trial courts as to how this principle is to be applied in civil forfeiture cases following *$405,089.23.* This court held that a defendant in a criminal case may waive his claim of double jeopardy by some affirmative act, but that to enter into a plea agreement that is silent as to double jeopardy is not such an affirmative act. *United States v. Stanwood,* 872 F.Supp. at 795. The United States argues that no such affirmative act is necessary in a civil forfeiture action where a claimant, on the advice of counsel, contracts to settle rather than to litigate the merits of the action. Alternatively, it could be said that although the settlement agreement in this case does not specifically mention the issue of double jeopardy, the release of all claims, whether presently or hereafter known, is an adequate affirmative act.

### CONCLUSION

The court denies Ruggio's motion for relief from judgment because he has not established any basis for relief under Fed.R.Civ.P. 60(b).