**Harold WASSERMAN,**
**Petitioner-Appellee,**

v.

**The MUNICIPAL COURT OF the ALHAMBRA JUDICIAL DISTRICT, Respondent,**

**The PEOPLE OF the STATE OF CALIFORNIA, Real Party in Interest-Appellant.**

No. 75–1205.

United States Court of Appeals, Ninth Circuit.

Oct. 13, 1976.

Dirk L. Hudson, Deputy Dist. Atty. (argued), Los Angeles, Cal., for appellant.

Edwin M. Rosendahl (argued), Beverly Hills, Cal., for petitioner-appellee.

Before CARTER, TRASK and GOODWIN, Circuit Judges.

JAMES M. CARTER, Circuit Judge:

This is an appeal by the People of the State of California from the granting of petitioner Wasserman's writ of habeas corpus. We reverse.

In 1969, Wasserman was charged and convicted of violating California Penal Code § 311.2, a misdemeanor, in that on March 26, 1969, he distributed an obscene brochure. The brochure contained a sketch and textual matter which portrayed ongoing sexual activity. The Superior Court of Los Angeles County affirmed. Habeas Corpus was denied in the California Court of Appeal and in the California Supreme Court.

Wasserman filed a petition for federal habeas corpus in the United States District Court for the Central District of California in 1970. After a hearing, the court, on October 14, 1970, concluded that the material distributed was obscene and denied the petition. This court affirmed that decision in a *per curiam* opinion reported at 449 F.2d 787 (9 Cir. 1971). The court made an independent constitutional judgment that the material was obscene under *Redrup v. New York*, 386 U.S. 767, 770–71, 87 S.Ct. 1414, 18 L.Ed.2d 515 (1967). *Redrup* cited and relied upon the "utterly without redeeming social value" test formulated in *Memoirs v. Massachusetts*, 383 U.S. 413, 86 S.Ct. 975, 16 L.Ed.2d 1 (1966).

In 1972, Wasserman petitioned for *certiorari*. While this matter was pending before the United States Supreme Court, this court decided *United States v. Arno*, 463 F.2d 731 (9 Cir. 1972), in which one of the advertisements, claimed to be obscene, was the same advertisement as in Wasserman's case. This court held the material not obscene, applying the standards of *Memoirs*, *supra*.

The Supreme Court thereafter announced new constitutional standards governing obscenity in *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). *Wasserman* became one of the numerous cases in which the Court granted *certiorari*, vacated the judgment, and remanded for further consideration in light of the new standards in *Miller*, *supra*, and other cases decided the same day. 413 U.S. 911, 93 S.Ct. 3036, 37 L.Ed.2d 1025 (1973).

On remand to the Ninth Circuit, this court, in an opinion at 502 F.2d 764 (9 Cir. 1974), vacated the October 14, 1970, district court order and remanded the case to the district court "for further consideration in light of the cases listed in the mandate of the Supreme Court" and recent cases, *Jenkins v. Georgia*, 418 U.S. 153, 94 S.Ct. 2750, 41 L.Ed.2d 642 (1974), and *Hamling v. United States*, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974).

■ The district court on remand granted the petition for habeas corpus. It viewed *Arno* as controlling authority, despite the superseding decisions by the Supreme Court. This was error.

The *Arno* case was decided under a standard which the Supreme Court described in *Miller* as "a burden [on the prosecution] virtually impossible to discharge under our criminal standards of proof." 413 U.S. at 22, 93 S.Ct. at 2613. *See also Memoirs v. Massachusetts*, *supra*, 383 U.S. at 459, 86 S.Ct. 975 (Harlan, J., dissenting). *Miller* imposes a lesser burden on the prosecution to show obscenity. *Hamling v. United States*, *supra*, 418 U.S. at 116–17, 94 S.Ct. 2887. It follows that *Miller* imposes a greater burden on Wasserman in his petition for relief than was the case in Arno. This burden was not met.

The district court assumed *Arno* controlled and was the only authority from this court on point. But the district court, like all inferior federal courts, must apply the latest rules of law formulated by the Supreme Court to all cases coming before it. *See Spokane County v. Air Base Housing, Inc.*, 304 F.2d 494, 497 (9 Cir. 1962).

■ All prior federal dispositions in *Wasserman* were vacated, so that the district

court should have applied the latest applicable standards. So long as the case is *sub judice,* a federal court must apply a new and supervening rule of federal law when applicable to the issues in the case. 1B J. Moore, Federal Practice ¶ 0.404[10], at 575–76 (3d ed. 1974). Thus, post-*Miller* standards should have been applied. *Arno* did not control.

 This court has authority to conduct an independent review of petitioner's constitutional claims. *Kois v. Wisconsin,* 408 U.S. 229, 232, 92 S.Ct. 2245, 33 L.Ed.2d 312 (1972); *Childs v. Oregon,* 431 F.2d 272, 275 (9 Cir. 1970). Applying the *Miller* standards, we find that the materials distributed by Wasserman were obscene.

The decision of the district court is reversed and the case remanded with instructions to deny the petition for the writ.