John Henry TOMLIN,
Plaintiff–Appellant,

v.

William McDANIEL, Kenneth Lucas, Frank Reyes, Defendants–Appellees.

No. 87–2557.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 17, 1988.*

Decided Jan. 10, 1989.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

John Henry Tomlin, Douglas, Ariz., pro. per.

Robert J. Bruno, Teilborg, Sanders & Parks, P.C., Phoenix, Ariz., for defendants-appellees.

Before WALLACE, SNEED and POOLE, Circuit Judges.

SNEED, Circuit Judge:

Appellant Tomlin seeks to revive his 42 U.S.C. § 1983 action against appellees which was decided against Tomlin finally on October 4, 1982, the date the Supreme Court denied Tomlin's petition for certiorari which sought review of the dismissal of his action. Tomlin's revival effort consists of a motion for relief from judgment under Fed.R.Civ.P. 60(b)(4), (5), and (6). The district court denied the motion and we affirm.

Tomlin's Rule 60(b) motion rests on the following facts. The section 1983 action was dismissed as time barred on the basis of *Major v. Arizona State Prison*, 642 F.2d 311 (9th Cir.1981), which held that a one year statute of limitations applied to such actions and that imprisonment did not toll the statute. As indicated above, this judgment became final on October 4, 1982. The Arizona Court of Appeals held in 1983 that imprisonment did toll the statute. *See Smith v. MacDougall*, 139 Ariz. 22, 25, 676 P.2d 656, 659 (Ct.App.1983). We accepted that view in *Stephan v. Dowdle*, 733 F.2d 642 (9th Cir.1984). The other leg upon which the dismissal of Tomlin's section 1983 action stood was removed by the Supreme Court of the United States when it held in 1985 that the relevant state's statute of limitations applicable to personal injury actions was also applicable to section 1983 actions. *See Wilson v. Garcia*, 471 U.S. 261, 276, 105 S.Ct. 1938, 1947, 85 L.Ed.2d 254 (1985). Because Tomlin's section 1983 action had been filed within twenty-one months of its accrual, and Arizona's statute of limitations for personal injury actions is two years, it is clear that under present Arizona law it would not have been dismissed as being untimely. Ariz.Rev. Stat.Ann. § 12–542 (West Supp.1987). This is the kernel of truth on which Tomlin's Rule 60(b) motion rests.

We review the district court's denial of this motion under the abuse of discretion standard. *LaFarge Conseils et Etudes v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1338 (9th Cir.1986).

■ Rule 60(b)(4) permits relief from a final judgment that is "void." Tomlin does not contend that the judgment against him on this section 1983 action was rendered by a court that either lacked jurisdiction or acted in a manner inconsistent with due process of law. It follows, therefore, that it was not "void." *See Watts v. Pinckney*, 752 F.2d 406, 409 (9th Cir.1985); 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2862, at 198–200 (1973).

■ Rule 60(b)(5) appears initially to be more favorable to Tomlin. It permits relief when "a prior judgment upon which it is based has been reversed or otherwise vacated." We have stated that a change in the applicable law after a judgment has become final in all respects is not a sufficient basis for vacating the judgment. *Title v. United States*, 263 F.2d 28, 31 (9th Cir.), *cert. denied*, 359 U.S. 989, 79 S.Ct. 1118, 3 L.Ed.2d 978 (1959); *see Lubben v. Selective Service System Local Board No. 27*, 453 F.2d 645, 650 (1st Cir.1972). Moreover, the application of Rule 60(b)(5) is limited to a judgment *based* on a prior judgment reversed or otherwise vacated—based

in the sense of res judicata, or collateral estoppel, or somehow part of the same proceeding. 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2863, at 202–04 (1973); 7 J. Moore & J. Lucas, *Moore's Federal Practice* § 60.26[3], at 60–246 to 60–248 (1987); *see Werner v. Carbo*, 731 F.2d 204, 207–08 (4th Cir.1984); *Lubben*, 453 F.2d at 650. The relation between the present judgment and the prior judgment must thus be closer than that of a later case relying on the precedent of an earlier case; the fact that the prior case provides a precedent for the later one is not sufficient. *See Lubben*, 453 F.2d at 650.

Tomlin suggests that our holdings in *Marks v. Parra*, 785 F.2d 1419 (9th Cir.1986), and *Rivera v. Green*, 775 F.2d 1381 (9th Cir.1985), *cert. denied*, 475 U.S. 1128, 106 S.Ct. 1656, 90 L.Ed.2d 198 (1986), have the effect of reversing or vacating a prior judgment upon which the judgment against him was based. In those cases, we retroactively applied the Supreme Court's decision in *Wilson v. Garcia*, 471 U.S. at 262, 105 S.Ct. at 1939, that state personal injury statutes of limitation should apply to section 1983 actions. But *Marks* and *Rivera* do not reverse or vacate a judgment upon which the judgment against Tomlin was based; that is, based within the meaning of Rule 60(b)(5). Moreover, in *Marks* and *Rivera*, no final judgment had yet been entered, so there was a pending action to which *Wilson v. Garcia* could be retroactively applied. *Marks*, 785 F.2d at 1419–20; *Rivera*, 775 F.2d at 1383–84. Here, however, the judgment against Tomlin has become final in all respects. Neither *Marks* nor *Rivera* authorizes the retroactive application of *Wilson v. Garcia* to judgments which are already final, nor are we willing to enlarge the retroactive scope of this decision and reopen long dormant cases.

Rule 60(b)(6), the catchall provision, provides no aid either. It has been invoked when "extraordinary circumstances" have prevented an appeal. *See Martella v. Marine Cooks & Stewards Union*, 448 F.2d

729, 730 (9th Cir.1971), *cert. denied*, 405 U.S. 974, 92 S.Ct. 1191, 31 L.Ed.2d 248 (1972). Tomlin appealed and the judgment against him became final *before* the laws changed. That is the rock on which his arguments founder.

AFFIRMED.

---

\* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).