892 F.2d 83
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert Whitney HALL, Plaintiff-Appellant,
v.
STATE OF HAWAII, a State of the United States, et al.,
Defendants-Appellees.
 No. 88-15058.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 21, 1989.*
Decided Dec. 13, 1989.
 
 Before GOODWIN, Chief Judge, and POOLE and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Whitney Hall appeals pro se the district court's order denying his Fed.R.Civ.P. 60(b) motion for relief from judgment. We review for an abuse of discretion, Tomlin v. McDaniel, 865 F.2d 209, 210 (9th Cir.1989), and affirm.
 
 
 3
 Hall, a white male, was denied admission to the University of Hawaii law school. In 1984, he filed a 42 U.S.C. § 1983 complaint alleging that University officials unlawfully discriminated against him.[1] The district court dismissed Hall's state law claims on eleventh amendment grounds and entered summary judgment in favor of the defendants on Hall's federal claims. This court affirmed. Hall v. State of Hawaii, No. 85-1698 (9th Cir. June 10, 1986) (memorandum disposition) ("Hall I ").
 
 
 4
 Shortly thereafter, Hall filed an amended complaint in Hawaii state court which, with some exceptions, named the same defendants as his previous complaint and raised nearly identical issues. This complaint was dismissed with prejudice on res judicata grounds. The Hawaii appellate court affirmed. Hall then returned to federal district court and filed a motion for relief from the judgment in Hall I under Fed.R.Civ.P. 60(b)(4), (5) or (6). The district court's denial of that motion forms the basis of this appeal.
 
 
 5
 Hall now contends that the district court abused its discretion in denying his Rule 60(b) motion because the defendants engaged in fraud on the court and as a result, he was denied access to the courts and due process. These contentions lack merit.
 
 
 6
 In pertinent part, Rule 60(b) permits a district court to relieve a party from a final judgment if: (4) the judgment was void; (5) the judgment has been satisfied or a prior judgment on which it was based has been reversed or otherwise vacated; or (6) any other reason justifying relief from the operation of the judgment. Fed.R.Civ.P. 60(b)(4), (5) and (6).[2]
 
 
 7
 Here, Hall's contentions do not form any basis for relief cognizable under Rule 60(b). The judgment was not void to justify relief under Rule 60(b)(4) because the district court had jurisdiction to review the initial section 1983 complaint and acted in a manner consistent with due process. See Tomlin, 865 F.2d at 210.[3] Moreover, Rule 60(b)(5) does not apply because the judgment in Hall I was not satisfied nor was any prior judgment on which it was based reversed or otherwise vacated. See id. at 210-11.
 
 
 8
 Finally, relief is not warranted under Rule 60(b)(6). A motion brought under clause (6) of Rule 60(b) must be for some reason other than the five reasons preceding it under the rule. Molloy v. Wilson, 878 F.2d 313, 316 (9th Cir.1989). Because Hall's assertion of fraud could have been brought under Rule 60(b)(3), he cannot now bring it under Rule 60(b)(6). See id. Further, the Hawaii state court's decision that Hall's action was barred by res judicata does not constitute an "extraordinary circumstance" sufficient for Rule 60(b) relief. See United States v. Sparks, 685 F.2d 1128, 1130 (9th Cir.1982). Additionally, even if an extraordinary circumstance existed, the district court could not review Hall's due process claims because to do so would involve appellate review of a state court proceeding. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 (1983). The district court therefore did not abuse its discretion in denying Hall's Rule 60(b) motion.
 
 
 9
 The appellees claim that Hall filed a frivolous appeal and request an award of sanctions, costs and fees. We have discretion to award attorneys' fees and costs for bringing a frivolous appeal. Fed.R.App.P. 38; 28 U.S.C. § 1912. An appeal is frivolous if the result is obvious or the arguments of error are wholly without merit. DeWitt v. Western Pacific R.R. Co., 719 F.2d 1448, 1451 (9th Cir.1983). We also have discretion to award reasonable attorney's fees to a prevailing party under 42 U.S.C. § 1988. 42 U.S.C. § 1988.
 
 
 10
 We decline to grant any award. See Bateson v. Geisse, 857 F.2d 1300, 1306 (9th Cir.1988).[4]
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Hall named as defendants: the State of Hawaii; the University of Hawaii; the law school; the president of the University; the Chancellor; members of the University's Board of Regents; members of the Law School's admissions committee; the Hawaii Supreme Court; and each of the state supreme court justices
 
 
 [2]
 Hall cannot obtain relief from judgment under Rule 60(b)(1), (2) or (3) because such motions must be made within one year of entry of final judgment, and Hall's motion was filed three and one half years after the district court's decision in Hall I
 
 
 [3]
 The question of a judgment's voidness is a legal one subject to de novo review. United States v. Holtzman, 762 F.2d 720, 724 (9th Cir.1985)
 
 
 [4]
 Accordingly, the parties' conditional motions for oral argument and leave to file supplemental memorandum are denied