932 F.2d 972
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 BERING STRAIT SCHOOL DISTRICT, Plaintiff-Appellee,
v.
Ronald W. HOHMAN, Defendant-Appellant.
 No. 89-35370.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 19, 1990.*
Decided Dec. 3, 1990.
 Before JAMES R. BROWNING, KILKENNY and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronald W. Hohman appeals the district court's denial of his Federal Rule of Civil Procedure 60(b) motion for relief from the court's grant of default in favor of the Bering Strait School District. The district court concluded Hohman's motion was untimely and without merit. We affirm.
 
 
 3
 Under Rule 60(b), the district court may relieve a party from a final judgment on the basis of any of several enumerated reasons, including "mistake, inadvertence, surprise, or excusable neglect" and "any other reason justifying relief." Fed.R.Civ.P. 60(b)(1) & (6). A motion filed pursuant to Rule 60(b)(1) must be brought within a reasonable time and in any event not longer than one year after the judgment is entered. Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir.1981). A motion filed pursuant to Rule 60(b)(6) must be brought within a reasonable time. In re Pacific Far East Lines, 889 F.2d 242, 249 (9th Cir.1989). A party who files a Rule 60(b) motion after the time for appeal has run must establish the existence of extraordinary circumstances which prevented or rendered him unable to prosecute an appeal. Plotkin v. Pacific Tel. & Tel. Co., 688 F.2d 1291, 1293 (9th Cir.1982).
 
 
 4
 Here, Hohman's motion was filed within the one-year upper limitation for a motion under Rule 60(b)(1) but after the time for appeal, see Fed.R.App.P. 4(a)(1). Thus, the district court was empowered to decide whether the motion was brought within a reasonable time. We review the district court's denial of the motion for an abuse of discretion. Tomlin v. McDaniel, 865 F.2d 209, 210 (9th Cir.1989).
 
 
 5
 Hohman's brief paints a sympathetic portrait of his difficulties in defending a case a great distance from his home. However, none of the circumstances relied on by Hohman explain his failure to challenge the judgment for nearly a year. Neither substantial financial difficulties nor personal or business commitments are sufficient to excuse such a prolonged delay. See, e.g., Rinieri v. News Syndicate Co., 385 F.2d 818, 823 (2d Cir.1967). In the absence of any acceptable justification for a delay of this length, we cannot say the district court abused its discretion. Cf. United States v. Holtzman, 762 F.2d 720, 725 (9th Cir.1985) (where plaintiff not prejudiced and relief prospective only, "strong policy in favor of finality" may be overcome).
 
 
 6
 Even if the district court abused its discretion in rejecting Hohman's motion as untimely, Hohman could not prevail. We will set aside a default judgment only upon a clear showing of abuse of discretion. Benny v. Pipes, 799 F.2d 489, 492 (9th Cir.1986). Hohman received ample warning from the district court of the results of non-compliance with its orders, and specific instructions on how to comply. On this record, we cannot conclude the district court abused its discretion in denying Hohman's 60(b) motion on the merits.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3