952 F.2d 1399
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James CELLO-WHITNEY, Jr; Keith J. Closson, Plaintiff-Appellants,
v.
Chase RIVELAND; Kenneth W. Ducharme; David A. Soth,
Lieutenant, Washington State Reformatory at
Monroe; Michael G. Woods, et al.,
Defendant-Appellees.
 No. 90-35773.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1992.*
Decided Jan. 14, 1992.
 
 Before EUGENE A. WRIGHT, WILLIAM A. NORRIS and CYNTHIA HOLCOMB HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Cello-Whitney and Keith Closson appeal pro se the magistrate judge's denial of their Rule 60(b) motion for reconsideration of the dismissal of their civil rights action. Their 42 U.S.C. § 1983 suit was dismissed without prejudice in July 1989. In August 1990, they brought a motion for relief from judgment under Rule 60(b)(5) and (6). They contend that the magistrate judge abused his discretion when he denied their motion. We affirm.
 
 
 3
 Rule 60(b)(5) authorizes the alteration of a judgment which has been satisfied, released, or discharged. Cello-Whitney and Closson provide no new evidence or law that warrant reconsideration of the judge's dismissal without prejudice. See Tomlin v. McDaniel, 865 F.2d 209, 210-11 (9th Cir.1989).
 
 
 4
 Rule 60(b)(6) allows for the modification of a judgment for "any other reason justifying relief from the operation of the judgment." To justify relief under that rule, appellants must demonstrate "extraordinary circumstances." Straw v. Bowen, 866 F.2d 1167, 1171 (9th Cir.1989) (moving party must show burden or hardship that "cries out for the unusual remedy of the reopening of a final judgment"). After dismissal, they could have refiled their claims. Their election to forego this alternative fails to meet the "extraordinary circumstances" requirement.
 
 
 5
 Their contention that the court erred in not making detailed factual findings when it denied their motion is without merit.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3