996 F.2d 1227
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joan SMITH, Plaintiff-Appellant,
v.
HORIZON AIR, a Washington corporation; B. Stephen
Fortenberry; Jane Doe Fortenberry, Defendants-Appellees.
 No. 92-36559.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided July 1, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joan Smith appeals the district court's denial of her Federal Rule of Civil Procedure 60(b) motion to vacate the district court's August 3, 1989 judgment dismissing Smith's 42 U.S.C. § 1981 action. In that action, Smith alleged that defendants terminated her employment with Horizon Air on the basis of race. We review for abuse of discretion, Transgo, Inc. v. Ajac Transmission Parts Corp., 911 F.2d 363, 365 (9th Cir.1990), and we affirm.
 
 
 3
 In its August 3, 1989 judgment, the district court held that section 1981 does not permit a cause of action for discriminatory termination of employment, relying on the Supreme Court's ruling in Patterson v. McLean Credit Union, 491 U.S. 164, 176 (1989) (holding that section 1981 only prohibits discrimination in the making and enforcement of contracts). In her Rule 60(b) motion, Smith argued that the Civil Rights Act of 1991, 42 U.S.C. § 1981(b), essentially overruled Patterson and permits an action for discrimination in termination of employment. She argued that this development constituted an intervening change in law warranting relief from the judgment of dismissal. The district court found that Smith was not entitled to relief from judgment under either Rule 60(b)(5) or (6).
 
 Rule 60(b) provides, in pertinent part:
 
 4
 On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.
 
 
 5
 Here, the district court correctly found that Smith was not entitled to relief under Rule 60(b)(5). First, there was no judgment that had to be satisfied, released, or discharged for purposes of Rule 60(b)(5); there was only a simple dismissal of Smith's section 1981 action.
 
 
 6
 Second, there was no prior judgment upon which the dismissal in Smith's case was based which had been reversed or vacated. The application of this portion of Rule 60(b)(5) is "limited to a judgment based on a prior judgment reversed or otherwise vacated--based in the sense of res judicata, or collateral estoppel, or somehow part of the same proceeding." Tomlin v. McDaniel, 865 F.2d 209, 210-11 (9th Cir.1989) (emphasis in original). The effect of the Civil Rights Act of 1991 on Patterson does not fall under this definition. Third, the last phrase in Rule 60(b)(5), providing that "it is no longer equitable that the judgment should have prospective application," applies only in cases in which the judgment is executory or involves the supervision of changing conduct or conditions. See, e.g., Transgo, 911 F.2d 363; see also Twelve John Does v. District of Columbia, 841 F.2d 1133, 1139 (D.C.Cir.1988) (stating that "it is difficult to see how an unconditional dismissal could ever have prospective application within the meaning of Rule 60(b)(5)"). There is no evidence that the dismissal in this case has prospective application within the meaning of Rule 60(b)(5). Therefore, the district court did not abuse its discretion by finding that Smith was not entitled to relief from judgment pursuant to Rule 60(b)(5).
 
 
 7
 Pursuant to Rule 60(b)(6), a party is entitled to relief only if extraordinary circumstances exist justifying relief from judgment. See, e.g., United States v. Alpine Land & Reservoir, Co., 984 F.2d 1047, 1049 (9th Cir.1993) pet. for cert. filed, 61 U.S.L.W. 3775 (U.S. Apr. 16, 1993) (No. 92-1741). A change in the applicable law after a judgment has become final in all respects is not a sufficient basis for vacating the judgment. Tomlin, 865 F.2d at 210. This is precisely the basis upon which Smith sought to vacate the district court's August 3, 1989 judgment. Therefore, extraordinary circumstances do not exist in this case, and the district court did not abuse its discretion by denying Smith relief based on Rule 60(b)(6).
 
 
 8
 Both parties' requests for attorneys' fees are denied.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Smith's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3