**James W. STEIN and Bennie Mae Stein, Plaintiffs,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; John Does 1–10; Jane Does 1–10; Doe Corporations 1–10; and Doe Entities 1–10, Defendants.**

**Civil No. 94–00687 DAE.**

United States District Court, D. Hawaiʻi.

Aug. 14, 1996.

Guy A. Sibilla, Joseph L. Wildman, Sibilla & Wildman, Honolulu, HI, Calvin Thur, Thur Dawson & O'Sullivan, P.C., Scottsdale, AZ, for James W. Stein, Bennie Mae Stein.

William C. McCorriston, Darolyn Hatsuko Lendio, K. Rae McCorkle, McCorriston Miho Miller & Mukai, Honolulu, HI, Clarke B. Holland, Phillip F. Shinn, Thornton Taylor Downs Becker Tolson & Doherty, San Francisco, CA, for State Farm Mut. Auto. Ins. Co.

### ORDER DENYING PLAINTIFFS' MOTION FOR RELIEF

DAVID ALAN EZRA, District Judge.

Pursuant to Local Rule 220–2(d), the court finds this matter appropriately decided without a hearing. After reviewing the application and the supporting and opposing memoranda, the court DENIES Plaintiffs' Motion for Relief from an Order Granting Dismissal of Plaintiffs' Causes of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing or Bad Faith Conduct.

## BACKGROUND

On March 30, 1994, Plaintiffs James W. Stein ("Stein") and Bennie Mae Stein (collectively "Plaintiffs") filed suit in the First Circuit Court of the State of Hawaii against Defendant State Farm Mutual Automobile Insurance Co. ("Defendant") after Stein was involved in a collision with another vehicle during the course and within the scope of his employment. Plaintiffs sought relief for breach of their insurance contract alleging that Defendant failed to make a settlement offer before entering into arbitration with them. Plaintiffs' Complaint alleged, in part, causes of action for breach of good faith and fair dealing, bad faith conduct and breach of express and/or implied covenant of good faith and fair dealing.

On September 9, 1994, Defendant removed Plaintiffs' Complaint to this court on the basis of diversity jurisdiction. 28 U.S.C. § 1332. On February 13, 1995, this court granted Defendant's Motion for Judgment on the Pleadings with respect to Plaintiffs' cause of action for breach of implied covenant of good faith and fair dealing and bad faith conduct, determining that this cause of action had not been recognized under Hawaii law. The court, however, in anticipation of the Hawaii Supreme Court's ruling on this question as certified in 1993, stayed dismissal until July 30, 1995.

The Hawaii Supreme Court failed to address this question, however, in 1995. Consequently, on July 26, 1995 this court denied Plaintiffs' Motion to Extend the Stay and dismissed with prejudice Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing.

Most recently, on June 5, 1996, the Hawaii Supreme Court rendered its decision in *The Best Place, Inc. v. Penn America Insurance Co.*, 82 Hawai'i 120, 920 P.2d 334 (1996), and recognized for the first time under Hawaii law a cause of action for the breach of implied covenant of good faith and fair dealing in the first-party insurance context. Plaintiffs now ask that this court reconsider its decision to dismiss Plaintiffs' claim for breach of implied covenant of good faith and fair dealing pursuant to Fed.R.Civ.P. 60(b)(6) and Local Rule 220–11.

## STANDARD OF REVIEW

■ Federal Law prescribes the standards and procedures for setting aside a final judgment in a federal court action. Fed. R.Civ.P. 60(b)(6) provides:

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order or proceedings, for ... any other reason justifying relief from the operation of the judgment.

Rule 60(b)(6) "vests power in the courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." *Klapprott v. United States*, 335 U.S. 601, 614–15, 69 S.Ct. 384, 390, 93 L.Ed. 266, 277–78 (1949). As a result, the disposition of a motion for reconsideration is within the discretion of the district court and will not be reversed absent an abuse of discretion. *Plotkin v. Pacific Tel. & Tel. Co.*, 688 F.2d 1291, 1292 (9th Cir.1982). While seemingly severe in application, this standard furthers the compelling interest in the finality of judgments. *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir.1983).

■ It is well settled in the Ninth Circuit that a successful motion for reconsideration must accomplish two goals. First, a motion for reconsideration must demonstrate some reason why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *Great Hawaiian Financial Corp. v. Aiu*, 116 F.R.D. 612, 616 (D.Haw.1987), rev'd on other grounds, 863 F.2d 617 (9th Cir.1988) (citations omitted). Moreover, the rule is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment. *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir.), cert. denied, 510 U.S. 813, 114 S.Ct. 60, 126 L.Ed.2d 29 (1993).

Courts have established only three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact, to prevent manifest injustice. *Great Hawaiian Finan-cial Corp.*, 116 F.R.D. at 616. The District of Hawaii has implemented these standards in Local Rule 220–11.

## DISCUSSION

■ Plaintiffs seek relief from this court's order granting dismissal of Plaintiffs' cause of action for breach of the implied covenant of good faith and fair dealing. Plaintiffs argue that this court, as a court sitting in diversity, is obligated to reconsider its decision because the Hawaii Supreme Court in *Best Place* has now recognized this cause of action. In doing so, Plaintiffs rely primarily on *Pierce v. Cook & Co., Inc.*, 518 F.2d 720 (10th Cir.1975), cert. denied, 423 U.S. 1079, 96 S.Ct. 866, 47 L.Ed.2d 89 (1976), which held that a change in law warranted post-judgment relief in a diversity case where the cause of action in the federal case arose out of the same facts as the controlling case in state court.

Defendant argues that Plaintiffs have not shown the requisite extraordinary circumstances necessary for the granting of a Rule 60(b)(6) motion and that in the interest of finality, it must be denied. Defendant notes that the Ninth Circuit has held that a change in law after the entry of a final judgment does not constitute an intervening change in law under Rule 60(b). *See Tomlin v. McDaniel*, 865 F.2d 209, 210 (9th Cir.1989) (citing *Title v. United States*, 263 F.2d 28, 31 (9th Cir.), cert. denied, 359 U.S. 989, 79 S.Ct. 1118, 3 L.Ed.2d 978 (1959)). Defendant also argues that the cases relied on by Plaintiffs are not sufficiently analogous to the instant case for the court to base a decision to grant post-judgment relief.

■ In order for a motion for relief under Rule 60(b)(6) to succeed the movant must show that relief "will accomplish justice" in an "extraordinary circumstance." *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 864, 108 S.Ct. 2194, 2205, 100 L.Ed.2d 855 (1988). Normally, relief will not be granted unless the moving party is able to show both injury and that circumstances beyond its control prevented timely action to protect its interests. *Alpine Land & Reservoir, Co.*, 984 F.2d at 1049. Consequently,

courts have not granted relief where the party has made deliberate litigation choices and ignored normal legal recourse. *In re Pacific Far East Lines, Inc.*, 889 F.2d 242, 249 (9th Cir.1989) (citing *Ackermann v. United States*, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950)).

Here, Plaintiffs chose not to appeal the court's decision denying their Motion to Extend the Stay which resulted in dismissal of Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing. As long as an appeal is pending and the district court's judgment is not final as to all matters, courts have no difficulty in applying intervening changes in the law. *See Sargent v. Columbia Forest Prod., Inc.*, 75 F.3d 86, 90 (2d Cir.1996) (relief granted in diversity case where claim was not stale and there was an intervening change in state law); *Adams v. Merrill Lynch Pierce Fenner & Smith*, 888 F.2d 696, 702 (10th Cir.1989) (affirming district court grant of relief from judgment where Supreme Court altered law regarding arbitration of securities claims while claims were pending); *Wilson v. Al McCord, Inc.*, 858 F.2d 1469, 1478–79 (10th Cir.1988) (vacating and remanding where change in state law while appeal was pending made it necessary for parties to develop more fully the factual record).

By failing to appeal in the instant case, Plaintiffs foreclosed this opportunity and allowed their case to come to a close. As stated by the Supreme Court in *Ackermann:*

> Petitioner made a considered choice not to appeal.... His choice was a risk, but calculated and deliberate and such as follows a free choice. Petitioner cannot be relieved of such a choice because hindsight seems to indicate to him that his decision not to appeal was probably wrong.... There must be an end to litigation some-

day, and free, calculated, deliberate choices are not to be relieved from.

*Ackermann*, 340 U.S. at 198, 71 S.Ct. at 211–12.

 Furthermore, the court cannot grant post-judgment relief in this case merely because a cause of action never before recognized in Hawaii emerged approximately one year after the entry of final judgment. As the Ninth Circuit and other Circuits have held, a change in law subsequent to the entering of a final judgment does not by itself provide sufficient grounds to grant relief pursuant to Rule 60(b). *See Tomlin*, 865 F.2d at 210 (citing *Title*, 263 F.2d at 31);[1] *Batts v. Tow–Motor Forklift Co.*, 66 F.3d 743, 748 (5th Cir.1995), *cert. denied*, —— U.S. ——, 116 S.Ct. 1851, 134 L.Ed.2d 951 (1996) (quoting *Overbee v. Van Waters & Rogers*, 765 F.2d 578, 580 (6th Cir.1985) ("Numerous courts have held that the mere showing of a change in law is not enough to demonstrate such an extraordinary situation when the judgment has become final.")). Accordingly, this court finds that Plaintiffs' situation does not involve the requisite extraordinary circumstances necessary to grant their Motion for Relief.

 Application of this standard, moreover, is not violative of the principles underlying *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), as Plaintiffs argue; rather, it strengthens those principles. *See Batts*, 66 F.3d at 749. A federal court sitting in a diversity case operates as an adjunct to the state court. *Sherrill v. McShan*, 356 F.2d 607, 610 (9th Cir. 1966). To this end, federal courts sitting in diversity look to the final decisions of the highest court of the state in order to determine state law. *State Farm Mutual Auto. Ins. Co. v. Davis*, 937 F.2d 1415, 1418 (9th Cir.1991) (citing *Takahashi v. Loomis Ar-*

---

1. In *Tomlin*, the plaintiff's 42 U.S.C. § 1983 action was dismissed pursuant to a Ninth Circuit ruling that the statute of limitations for such suits was one year. After the Supreme Court denied the plaintiff's petition for writ of certiorari, it announced in *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), that the limitations period should be equal to that for state personal injury actions. Under *Wilson*, plaintiff's action would have been timely. Never-

theless, the Ninth Circuit affirmed the district court's denial of plaintiff's motion for Rule 60(b)(6) relief because "plaintiff appealed and the judgment against him became final before the laws changed." *Tomlin*, 865 F.2d at 211.

Similarly, in the instant case, the laws changed after Plaintiffs' opportunity for an appeal had ended. As in *Tomlin*, Plaintiffs are not entitled to post-judgment relief.

*mored Car Serv.*, 625 F.2d 314, 316 (9th Cir.1980)). In the absence of controlling state law, a federal court must use its own best judgment in predicting how the state's highest court would decide the case. *Id.* Nevertheless, a court sitting in diversity must apply existing state law and cannot predict possible changes in that law. *Moore v. R.G. Indus., Inc.*, 789 F.2d 1326, 1327 (9th Cir.1986) (citing *Klingebiel v. Lockheed Aircraft Corp.*, 494 F.2d 345, 346 (9th Cir.1974)). Consequently, when this court, in the instant case, reviewed Hawaii state law prior to the announcement of *Best Place*, found no cause of action for breach of the implied covenant of good faith and fair dealing, and later dismissed Plaintiffs' claim, the court was simply following the dictates of *Erie. See* Order Granting Defendant's Motion for Judgment on the Pleadings at 10, 11–12.[2]

In determining the effect of *Erie* on federal courts sitting in diversity, this court finds the Second Circuit's reasoning in *DeWeerth v. Baldinger*, 38 F.3d 1266 (2d Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 512, 130 L.Ed.2d 419 (1994), particularly instructive. In *DeWeerth*, the Second Circuit held that the district court abused its discretion by granting post-judgment relief when it ruled that a change in state law affecting the length of the applicable statute of limitations required relief. The court held that the district court erred by basing its decision on the fact that the plaintiff would have prevailed if she had originally sued in state court.[3]

Addressing the issue of *Erie*, the Second Circuit stated, "the fact that federal courts must follow state law when deciding a diversity case does not mean that a subsequent change in the law of the state will provide grounds for relief under Rule 60(b)(6)." *DeWeerth*, 38 F.3d at 1272–73. When pre-

sented with unsettled questions, *Erie* expects that federal courts will attempt to determine the applicable rules of law. *Batts*, 66 F.3d at 749 (citing *DeWeerth*, 38 F.3d at 1273). A subsequent decision by a state court resolving the issue, however, does not invalidate the federal court decision or necessarily provide grounds for relief under Rule 60(b)(6). *DeWeerth*, 38 F.3d at 1273. The court reasoned:

> The very nature of diversity jurisdiction leaves open the possibility that a state court will subsequently disagree with a federal court's interpretation of state law. However, this aspect of our dual justice system does not mean that all diversity judgments are subject to revision once a state court later addresses the litigated issues. Such a rule would be tantamount to holding that the doctrine of finality does not apply to diversity judgments, a theory that has no basis in *Erie* or its progeny.

*Id.* at 1273–74.

The Tenth Circuit's decision in *Pierce* heavily relied upon by Plaintiffs is not inconsistent. *See Pierce*, 518 F.2d at 723. Instead, *Pierce* illustrates an example, albeit unusual, where a federal court should grant post-judgment relief for a change in a state's decisional law because of extraordinary circumstances. There, the state and federal actions arose from the same incident and involved the same parties. Consequently, the court reasoned that to deny relief to plaintiffs who had been removed to federal court after their counterpart in state court had succeeded would have imposed a great injustice upon the plaintiffs in federal court. The court in *Pierce*, thus, found that the principles of federalism outweighed the interests of finality because the plaintiffs had presented extraordinary circumstances.

---

**2.** By the time this court dismissed Plaintiffs' claim, the Hawaii Supreme Court had already had this issue before it for almost two years. Unwilling to delay further, this court concluded it could not estimate when, if ever, the Supreme Court of Hawaii might resolve the issue. Accordingly, this court following its duty to decide all cases pending before it and dismissed Plaintiffs' claim based on existing state law. *See McGeshick v. Choucair, M.D.*, 72 F.3d 62 (7th Cir.1995), *cert. denied*, —— U.S. ——, 116 S.Ct. 1834, 134 L.Ed.2d 937 (1996). (post-judgment relief denied in diversity case where court was cognizant of relevant case pending before state supreme court which ultimately changed that state's law).

**3.** The plaintiff in *DeWeerth* chose to sue in federal court. The Second Circuit, however, noted in dicta that its decision "would be no different if DeWeerth had filed her claim in state court and Baldinger had removed the action to federal court." *DeWeerth*, 38 F.3d at 1273.

Unlike the situation presented to the court in *Pierce,* Plaintiffs' case does not involve a situation where two cases arising out of the same transaction will result in the conflicting judgments. Instead, the main similarity between Plaintiffs' case and *Best Place* is the legal argument.[4] This is not sufficient to meet the stringent standard for post-judgment relief under Rule 60(b)(6).

Lastly, the court notes that the Hawaii Supreme Court has not discussed whether *Best Place* should be applied retroactively and that Plaintiffs have not presented any argument to support its retroactive application. It is the general rule that unless specifically provided for decisions such as *Best Place* do not apply retroactively. *See Reynoldsville Casket Co. v. Hyde,* —— U.S. ——, ——, 115 S.Ct. 1745, 1751, 131 L.Ed.2d 820 (1995); *Tomlin,* 865 F.2d at 211. Accordingly, the court finds that Plaintiffs have failed to set forth any extraordinary circumstances that outweigh the interest of finality in this case. The court therefore DENIES Plaintiffs' Motion for Relief pursuant to Rule 60(b)(6).

## CONCLUSION

For the reasons stated above, the court DENIES Plaintiffs' Motion for Relief.

IT IS SO ORDERED.

---

4. The court cannot grant a motion to reconsider merely because *Best Place* reiterates many of the same legal arguments relied upon by Plaintiffs in their earlier pleadings. As stated above, *Pierce* was premised on the same facts, and not merely upon similar legal arguments. If the court were to grant relief based on the similarity of legal arguments alone, it would be flooded with Rule 60(b)(6) motions by plaintiffs whose claims were dismissed because Hawaii had not yet recognized the cause of action for breach of the implied covenant of good faith and fair dealing or some other cause of action.