In re Frederick J. **BELMORE, II,** and Vicki L. Belmore, f/d/b/a Highland Construction, and f/d/b/a Cascade Construction, Debtors.

Earl V. **ALDRICH** and Bettina H. Aldrich, husband and wife, Plaintiffs,

v.

Frederick J. **BELMORE, II,** and Vicki L. Belmore, f/d/b/a Highland Construction, and f/d/b/a Cascade Construction, Defendants.

Bankruptcy No. 96–20574.
Adversary No. 96–6214.

United States Bankruptcy Court, D. Idaho.

Oct. 23, 1998.

434

James L. Westberg, Landeck Westberg Judge & Graham, Moscow, Idaho, for Plaintiffs.

Clinton J. Henderson, Clarkston, Washington, for Defendants.

1. Unless otherwise indicated, all references to "code," "title," "chapter" and "section" are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330, and all references to "rule" are to the Federal Rules of Bankruptcy Procedure ("Fed.R.Bankr. P.") 1001–9036, which make applicable certain Federal Rules of Civil Procedure ("Fed.R.Civ. P.").

   Section 523(a)(6) provides:
   A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
   . . .
   (6) for willful and malicious injury by the debtor to another entity or to the property of another entity; . . .

2. Rule 9024 provides:

## SUMMARY ORDER DENYING MOTION FOR RECONSIDERATION

TERRY L. MYERS, Bankruptcy Judge.

Plaintiffs asserted that their claim against the Defendants should be excepted from discharge under § 523(a)(6) [1] as a "willful and malicious injury." Following trial, Bankruptcy Judge Alfred C. Hagan entered a Memorandum of Decision agreeing that the requirements of § 523(a)(6) had been met. That decision was entered on December 17, 1997. The then-current standard for such matters was *Impulsora Del Territorio Sur v. Cecchini (In re Cecchini)*, 780 F.2d 1440, 1443 (9th Cir.1986). Judge Hagan expressly applied that test to the evidence presented at trial. Memorandum of Decision, at 3–4.

For some reason not clear from the record, judgment was not entered upon the decision until March 3, 1998. It so happens that, on that same date, the Supreme Court issued its opinion in *Kawaauhau v. Geiger*, —— U.S. ——, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998).

On June 29, 1998, Defendants moved the Court to reopen the underlying chapter 7 case under § 350, to reopen this adversary proceeding, and for relief from the judgment under Rule 9024.[2] They urge no basis other than the issuance of *Geiger* for their motion.

The Supreme Court, in *Geiger*, unanimously announced a standard for § 523(a)(6) actions requiring an act which was done with the intent to cause injury,[3] as opposed to an act done intentionally and which leads to injury, but not necessarily done with the

Rule 60 Fed.R.Civ.P. applies in cases under the Code except that (1) a motion to reopen a case under the Code or for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(b), (2) a complaint to revoke a discharge in a chapter 7 liquidation case may be filed only within the time allowed by § 727(e) of the Code, and (3) a complaint to revoke an order confirming a plan may be filed only within the time allowed by § 1144, § 1230, or § 1330.
Specifically, the Defendants seek relief under Rules 60(b)(5) and (6) Fed.R.Civ.P.

3. *Geiger*, —— U.S. at ——, 118 S.Ct. at 977.

intent to injure. The latter characterization was, in effect, the *Cecchini* test.[4]

*Geiger* implicitly reversed *Cecchini.* The Supreme Court noted the test used by the Eighth Circuit in *Geiger* diverged from those of the Sixth and Tenth Circuits, but it did not mention the Ninth Circuit position, *Cecchini* or any other Ninth Circuit case. There is, however, no way to square the Supreme Court's interpretation of § 523(a)(6) in *Geiger* with *Cecchini,* and it has generally been observed that the Ninth Circuit test was effectively overruled. *In re Thomason,* 225 B.R. 751, 752–53 (Bankr.D.Idaho 1998); *In re Banks,* 225 B.R. 738, 746–47 (Bankr. C.D.Cal.1998).

Defendants argue that this pronouncement of the Supreme Court justifies the Court's reconsideration, under either Rule 60(b)(5) or 60(b)(6), of the judgment filed that same day. In opposition, Plaintiffs urge that case law and respect for the principle of finality mandate denial of the motion.

■ There is no time limit, other than reasonableness, for seeking relief under these provisions. The Court finds that the delay of approximately four months between entry of judgment and Defendants' filing of the present motion after discovery of the Supreme Court's decision is not per se unreasonable.

■ Rule 60(b)(5)[5] provides that the Court may order relief from a judgment if, among other things, "a prior judgment upon which it is based has been reversed or otherwise vacated." The Court finds, however, that the reference in this rule to reversal of a "prior judgment" concerns earlier judgments

in the same or a related case or a judgment which in some similar way formed the predicate for the later court ruling, not reversals of relevant or controlling decisional law. *Tomlin v. McDaniel,* 865 F.2d 209, 210–11 (9th Cir.1989); *Bailey v. Ryan Stevedoring Co., Inc.,* 894 F.2d 157, 160 (5th Cir.), *cert. denied* 498 U.S. 829, 111 S.Ct. 89, 112 L.Ed.2d 61 (1990).

■ Rule 60(b)(6)[6] is a facially broad grant of power for the Court to authorize relief from a judgment for "any other reason." Case law, however, circumscribes the grant, and instructs that it is to be used only in "extraordinary circumstances." *Backlund v. Barnhart,* 778 F.2d 1386, 1388 (9th Cir. 1985) (citation omitted).

Does the coincidental announcement of *Geiger* on the day judgment was entered qualify? First of all, it should be noted that we are not here dealing with an "intervening"[7] change of controlling law. The Supreme Court did not rule before Judge Hagan's decision was entered. The judgment of March 3, 1998, is final. No motion to amend the judgment was made or appeal taken within 10 days of its entry. The precedential evolution was "subsequent" rather than "intervening" as it did not occur while the Court still had the case under consideration.

■ In the Court's view, Ninth Circuit case law does not contemplate that a subsequent change in the law constitutes an "extraordinary circumstance" sufficient for Rule 60(b)(6) relief. *Clifton v. Attorney General of the State of Cal.,* 997 F.2d 660, 664–65 (9th Cir.1993); *Tomlin, supra; Title v. United*

---

4. *Cecchini,* 780 F.2d at 1443.

5. Rule 60(b)(5) Fed.R.Civ.P. provides:
   On motion and upon such terms as are just, the court may relieve a part or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application.

6. Rule 60(b)(6) Fed.R.Civ.P. provides:
   On motion and upon such terms as are just, the court may relieve a part or a party's legal representative from a final judgment, order, or

proceeding for the following reasons: ... (6) any other reason justifying relief from the operation of the judgment.

7. Compare *American Economy Ins. Co. v. Reboans, Inc.,* 900 F.Supp. 1246, 1250–51 (N.D.Cal. 1994). There, the change in controlling authority came nearly four months after partial summary judgment was entered. But the court had not yet entered a final, appealable judgment. *Id.* The court upon reconsideration applied the reasoning of the new decisional law to the accepted facts established during the prior summary judgment litigation. The change of law was, in essence, an "intervening" change.

*States,* 263 F.2d 28, 31 (9th Cir.), *cert. denied,* 359 U.S. 989, 79 S.Ct. 1118, 3 L.Ed.2d 978, *rehearing denied* 360 U.S. 914, 79 S.Ct. 1292, 3 L.Ed.2d 1263 (1959); *Accord, Bailey, supra.* As stated in *Clifton:*

> Both parties acknowledge that, *as a general principle,* "the res judicata consequences of a final, unappealed judgment on the merits [are not] altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case." *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 2428, 69 L.Ed.2d 103 (1981) (*Moitie* ); see also *Ellingson v. Burlington Northern, Inc.,* 653 F.2d 1327, 1331 (9th Cir.1981) ("Ellingson did not appeal the trial court's decision, so a subsequent change in law can have no effect on the conclusiveness of the earlier case. Otherwise, no judgment would ever be final.").

997 F.2d at 663 (alteration in original) (footnote omitted) (emphasis supplied).

The Supreme Court has held that new rules announced in civil cases apply "retroactively" only so long as the targeted case is on direct review or is not yet final. *Harper v. Virginia Dep't of Taxation,* 509 U.S. 86, 97, 113 S.Ct. 2510, 2517, 125 L.Ed.2d 74, 86 (1993) (subsequent history omitted). *See also, United States v. Real Property Located at 20832 Big Rock Drive, Malibu, Cal. 90265,* 51 F.3d 1402, 1405–06 (9th Cir.1995); *Clifton, supra.*

As stated in *Wasserman v. Municipal Court of Alhambra Judicial Dist.:*

> "So long as the case is sub judice, a federal court must apply a new and supervening rule of federal law when applicable to the issues in the case."

543 F.2d 723, 725 (9th Cir.1976) (emphasis supplied).

The Court has evaluated all the authorities provided by counsel for the parties, and has engaged in extensive research on its own, and has yet to discover support for the concept that a change in a legal standard announced simultaneously with or subsequent to a final trial court decision, which was proper and supported by the law when issued, justifies setting that decision aside.

For the foregoing reasons, the Defendant's motion for reconsideration under Rule 60(b) is DENIED.