James Darrell SHORTT, Petitioner—
Appellant,

v.

Ernie ROE, Warden; Attorney General
of the State of California,
Respondents—Appellees.

No. 01–57181.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 10, 2002.

Decided May 28, 2003.

Before: GOODWIN, RYMER, and
MCKEOWN, Circuit Judges.

### ORDER

Plaintiff–Appellant's Petition for Rehearing is GRANTED. The memorandum filed October 16, 2002 is withdrawn. A new memorandum is filed concurrently with this order.

### MEMORANDUM *

The district court erred in construing Shortt's Rule 60(b) motion as a successive habeas petition under 28 U.S.C. § 2254 because Shortt's motion did not challenge the integrity of the state criminal trial but rather challenged the integrity of the federal habeas proceeding. *See* 28 U.S.C. § 2254(d)(1) (authorizing district courts to consider claims that were "adjudicated on the merits in State court proceedings [that] . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.").

The district court also erred in denying Shortt's Rule 60(b) motion on the merits. This is not a case where a petitioner has failed to make or decided not to make a timely appeal and later attempts to circumvent procedural rules by filing a 60(b) motion. To the contrary, Shortt reasonably pursued avenues to obtain a hearing on the merits of his claims—which have been adjudged facially valid—and was frustrated in his attempts by the timing of subsequent authority. Under such circumstances, we conclude that Shortt has demonstrated "extraordinary circumstances" that warrant Rule 60(B)(6) relief. *See Community Dental Services v. Tani,* 282 F.3d 1164, 1168 (9th Cir.2002).

**Reversed and Remanded.**

RYMER, J., dissenting.

I dissent because, regardless of whether Shortt's motion is construed as a successive habeas petition, he failed to demonstrate "extraordinary circumstances" that warrant Rule 60(b) relief. *See Tomlin v. McDaniel,* 865 F.2d 209, 210–11 (9th Cir. 1989).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.