Joseph George **FINOCCHI**, Plaintiff—Appellant,

v.

**WELLS FARGO BANK NA, a chartered bank; et al.,** Defendants—Appellees.

No. 04–17014.

D.C. No. CV–01–011247–SRB.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.*

Decided June 22, 2005.

Joseph George Finocchi, Glendale, AZ, pro se.

Peter C. Prynkiewicz, Littler Mendelson, Phoenix, AZ, for Defendants–Appellees.

Before KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

### MEMORANDUM**

Joseph George Finocchi appeals pro se the district court's denial of his Fed. R.Civ.P. 60(b)(3) motion for relief from its judgment in favor of Wells Fargo Bank and other defendants in Finocchi's action alleging disability and gender discrimination. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion, *Tomlin v. McDaniel*, 865 F.2d 209, 210 (9th Cir.1989), and we affirm.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

The district court did not abuse its discretion when it denied Finocchi's motion for relief from judgment on the grounds of fraud because he did not file his motion within the required one-year time limit. *See* Fed.R.Civ.P. 60(b); *see also Scott v. Younger,* 739 F.2d 1464, 1466 (9th Cir. 1984). Finocchi contends that Rule 60(b) includes a savings clause that does not contain a time limit. His contention lacks merit because the provision to which he refers applies to "an independent action to relieve a party from a judgment" and not to a motion, such as Finocchi's, for relief from judgment. Fed.R.Civ.P. 60(b)(3).

Finocchi contends that he is entitled to relief because, since the district court ordered his claim to arbitration in 2002, the Arizona Supreme Court has held such contracts exempt from the state arbitration statute. *See North Valley Emergency Specialists, L.L.C. v. Santana,* 208 Ariz. 301, 93 P.3d 501, 506 (2004). This contention is unavailing because a change in law is not a basis for relief once a judgment has become final. *See, e.g., Tomlin,* 865 F.2d at 210–11.

Finocchi's remaining contentions are also without merit.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.