**Marvin R. GORDON, a/k/a Vance Gordon, Petitioner–Appellant,**

v.

**Gail LEWIS, Warden, Respondent–Appellee.**

**No. 04–56617.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 14, 2006.

Marvin R. Gordon, Coalinga, CA, pro se.

Andrew D. Amerson, Esq., Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: LEAVY, McKEOWN, and GOULD, Circuit Judges.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**MEMORANDUM** \*\*

Marvin R. Gordon, a California state prisoner, appeals pro se from the district court's judgment denying his Federal Rule of Civil Procedure 60(b) motion to vacate an April 14, 2000 judgment. The April 2000 judgment dismissed Gordon's 28 U.S.C. § 2254 habeas petition as time-barred, and did not analyze the merits of Gordon's claims challenging his 1989 no contest plea convictions for committing a forcible lewd act on a minor, assault with great bodily injury, and kidnapping. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We review for abuse of discretion a district court's denial of a Rule 60(b) motion, *Thompson v. Calderon*, 151 F.3d 918, 920 (9th Cir.1998) (en banc), and we affirm.

Gordon contends that Rule 60(b)(5) entitles him to relief. His contention fails because, as the district court correctly concluded, its April 2000 judgment was not "based on" a judgment that has been reversed or vacated. *See* Fed.R.Civ.P. 60(b)(5); *Tomlin v. McDaniel*, 865 F.2d 209, 210–11 (9th Cir.1989) ("[T]he application of Rule 60(b)(5) is limited to a judgment *based* on a prior judgment reversed or otherwise vacated—based in the sense of res judicata, or collateral estoppel, or somehow part of the same proceeding.").

Gordon also contends that the catchall provision of Rule 60(b)(6) entitles him to relief. His contention is foreclosed by *Gonzalez v. Crosby*, 545 U.S. 524, 125 S.Ct. 2641, 2650–51, 162 L.Ed.2d 480 (2005).

To the extent Gordon challenges an alleged legal mistake made by the district court in calculating statutory tolling, the claim is time-barred. *See* Fed.R.Civ.P.

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

60(b)(1); *Gonzalez,* 125 S.Ct. at 2649 (discussing the one-year time limit for Rule 60(b)(1) motions as an important tool to ensure "harmonization" of AEDPA's provisions on successive petitions with Rule 60(b)).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.