91 F.3d 152
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marilyn HOLLISTER, Plaintiff-Appellant,
v.
John FORSYTHE, a public officer; Rosebud County, a Montana
Political Subdivision, Defendants-Appellees.
 No. 95-35533.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 11, 1996.
Decided July 24, 1996.
 
 Before: REAVLEY,* REINHARDT, WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Marilyn Hollister appeals the district court's order, denying her motion for relief from judgment, pursuant to Federal Rules of Civil Procedure 60(b)(4) and 60(b)(6). We have jurisdiction under 28 U.S.C. § 1291. We AFFIRM the district court's order and DENY both parties' requests for attorney's fees and costs.
 
 DISCUSSION
 I. STANDARD OF REVIEW
 
 3
 We review a motion to vacate a judgment pursuant to Federal Rule of Civil Procedure 60(b) for a clear showing of abuse of discretion. Export Group v. Reef Indus., Inc., 54 F.3d 1466, 1469 (9th Cir.1995). However, we review de novo a Rule 60(b)(4) motion to set aside a judgment as void because the question of the validity of a judgment is a legal one. Id.
 
 II. ANALYSIS
 
 4
 Hollister's motion for relief from judgment is premised on Rules 60(b)(4) and 60(b)(6).[1] She contends that she is entitled to such relief because we erred in interpreting Montana law in Hollister v. Forsythe, 22 F.3d 950, 952 (9th Cir.1994). See Boreen v. Christensen, 884 P.2d 761, 769 (Mont.1994).
 
 A. Rule 60(b)(4)
 
 5
 Rule 60(b)(4) authorizes relief from void judgments. A judgment is void only if the court that rendered it lacked subject matter jurisdiction or lacked jurisdiction over the parties or if the court acted in a manner inconsistent with due process. See Tomlin v. McDaniel, 865 F.2d 209, 210 (9th Cir.1988). Hollister contends that the district court acted in a manner inconsistent with due process by misinterpreting Montana state law. An erroneous judgment, however, does not render a judgment void for the purpose of Rule 60(b)(4). See id. at 210; United States v. Holtzman, 762 F.2d 720, 724 (9th Cir.1985) ("A judgment is not void merely because it is erroneous.") (citation omitted). Accordingly, the judgment is not void and Hollister is not entitled to relief from judgment under Rule 60(b)(4).
 
 B. Rule 60(b)(6)
 
 6
 Relief under Rule 60(b)(6) is warranted only if "extraordinary circumstances" exist. See Maraziti v. Thorpe, 52 F.3d 252, 254 (9th Cir.1995). A change in applicable law after a judgment has become final in all respects is not a sufficient basis for vacating the judgment. See Tomlin, 865 F.2d at 210 (holding plaintiff not entitled to relief under Rule 60(b)(6) where judgment became final before the law changed).[2] This is precisely the basis on which Hollister relies to vacate the judgment in this case.
 
 
 7
 First, the Boreen decision constitutes a change in law. Although the Montana Supreme Court indicated that it disagreed with our application of Montana case law to the facts in Hollister, it made it clear that the Boreen decision was the first time it considered the precise issue presented in Hollister. Boreen, 884 P.2d at 419 ("Simply put, we have not heretofore addressed the issue raised in Hollister, which is the issue raised in [Boreen ]."). Thus, Hollister's argument that her protected interest in continued employment existed under state law prior to Boreen lacks merit.[3]
 
 
 8
 Second, the Boreen decision was issued six months after the judgment in the instant case became final. Because Hollister did not appeal our prior decision in this case, the judgment became final when the opinion was filed on April 26, 1994, six months prior to the Boreen decision, which was issued on October 20, 1994. Tomlin, therefore, forecloses relief under Rule 60(b)(6), and the district court did not abuse its discretion in denying relief based on Rule 60(b)(6).
 
 CONCLUSION
 
 9
 We AFFIRM the district court's order and DENY both parties' requests for attorney's fees and costs.
 
 
 
 *
 The Honorable Thomas M. Reavley, Senior Circuit Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Rule 60(b) provides in part:
 (b) On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (4) the judgment is void ... or (6) any other reason justifying relief from the operation of the judgment.
 Fed.R.Civ.P. 60(b)(4), (6).
 
 
 [2]
 In Tomlin, plaintiff's section 1983 action was dismissed pursuant to a Ninth Circuit ruling that the statute of limitations for such suits was one year. After the Supreme Court denied plaintiff's petition for a writ of certiorari, the Ninth Court held in another case that imprisonment tolled the statute. The Supreme Court then announced a similar rule. Under either case, plaintiff's motion under Rule 60(b)(6) would have been timely. In affirming the district court's denial of plaintiff's Rule 60(b)(6) motion, the court stated: "[Plaintiff] appealed and the judgment against him became final before the laws changed. That is the rock on which his arguments founder." Id. at 211
 
 
 [3]
 Hollister is essentially arguing that a subsequent decision by the Montana Supreme Court renders the federal court's previous application of unsettled state law invalid and, therefore, extraordinary circumstances exist for relief from judgment. We reject this argument. See, e.g., Batts v. Tow-Motor Forklift Co., 66 F.3d 743, 750 (5th Cir.1995) ("Such a rule is tantamount to holding that the doctrine of finality does not apply to diversity judgments, a theory that has no basis in Erie [R.R. Co. v. Thompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938),] or its progeny.") (citation omitted), cert. denied, 116 S.Ct. 1851 (1996)