**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

APR 12 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

VENOCO, LLC, FKA Venoco, Inc., a
Delaware limited liability company,

        Plaintiff-Appellant,

  v.

PLAINS PIPELINE, L.P., a Texas limited
partnership; et al.,

        Defendants-Appellees.

No.   21-55193

D.C. No.
2:16-cv-02988-PSG-JEM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, Chief District Judge, Presiding

Argued and Submitted March 9, 2022
Pasadena, California

Before: WARDLAW and HURWITZ, Circuit Judges, and MOLLOY,[**] District
Judge.
Dissent by Judge HURWITZ.

     Venoco, LLC (Venoco) appeals the district court's denial of its motion to set

aside a judgment under Rule 60(b)(6) of the Federal Rules of Civil Procedure.

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]    The Honorable Donald W. Molloy, United States District Judge for
the District of Montana, sitting by designation.

Venoco managed an offshore crude oil production platform that it leased from the California State Lands Commission (Commission), and Plains Pipeline, L.P. (Plains)[1] owned and operated an oil pipeline that Venoco depended on to transport oil to its onshore contractors. After this pipeline ruptured, Venoco sued Plains, and the district court granted Plains' motion for judgment on the pleadings based on its application of California's common law public utility rule. Venoco appealed, and we affirmed the district court. *Venoco, LLC v. Plains Pipeline, L.P.*, 814 Fed. App'x 318 (9th Cir. 2020). Shortly thereafter, the California Court of Appeal rejected the *Venoco* panel's interpretation of the public utility rule in a lawsuit that the Commission brought against Plains. Venoco moved to set aside the district court's prior judgment and reopen the case due to an intervening change of law under Rule 60(b)(6), the district court denied the motion, and Venoco timely appealed. We have jurisdiction under 28 U.S.C. § 1291, and because the district court abused its discretion in denying the motion, we reverse.

1.  The California Court of Appeal's decision in *State Lands Commission v. Plains Pipeline, L.P.*, 57 Cal. App. 5th 582 (Cal. Ct. App. 2020) (*State Lands*), constituted an intervening change of law for the purposes of Rule 60(b)(6). Courts

[1] Along with Plains, Pipeline, L.P., Venoco has sued five related entities: Plains All American Pipeline, L.P.; Plains GP Holdings, L.P.; Plains AAP, L.P.; Plains All American GP, LLC; and PAA GP, LLC. Collectively, they will also be referred to as "Plains."

2

are required to "follow a published intermediate state court decision regarding California law unless . . . convinced that the California Supreme Court would reject it." *Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 219 (9th Cir. 2013). As the district court was not convinced that the California Supreme Court would reject *State Lands*, it should have concluded that *State Lands* changed the law regarding whether the California public utility rule immunized Plains from liability. *See Phelps v. Alameida*, 569 F.3d 1120, 1131 (9th Cir. 2009) (opinion constituted a change in law because it altered the outcome of the case).[2]

      2.     Furthermore, Venoco demonstrated extraordinary circumstances

---

[2] We disagree with the dissent that "a change in the law for purposes of Rule 60(b)(6) relief is generally not established simply because a state court disagrees with a federal court's prior interpretation of an unsettled issue." **Dissent 1–2.** To support this position, the dissent cites *Hollister v. Forsythe*, a non-precedential memorandum disposition that relied on precedent that has since been overturned. *See* 1996 WL 416242 (9th Cir. 1996). **Id.** The *Hollister* panel cited *Tomlin v. McDaniel*, 865 F.2d 209, 210 (9th Cir. 1989) for the proposition that a "change in applicable law after a judgment has become final in all respects is not a sufficient basis for vacating the judgment [under Rule 60(b)(6)]," *Hollister*, at *1, but we expressly overruled *Tomlin* on this point in *Phelps*. *See Phelps*, 569 F.3d at 1133 (recognizing that "*Tomlin*'s per se approach has been overruled by intervening Supreme Court precedent"). Thus, to the extent *Hollister* provides any insight, it provides insight into a legal landscape that has since changed.

     The dissent also cites several cases from our sister circuits to support this proposition, **Dissent 2–3,** but notably, all of these cases were published before *Gonzalez v. Crosby*, 545 U.S. 524 (2005), a landmark case in which the Supreme Court treated a change-in-law Rule 60(b)(6) motion as a "case-by-case inquiry," instead of applying a per se approach. *See Phelps*, 569 F.3d at 1133–34 (rejecting per se approaches to Rule 60(b)(6) because of *Gonzalez*'s case-by-case reasoning). Thus, these cases also emerge from an outdated legal landscape.

3

warranting Rule 60(b)(6) relief. To determine whether an intervening change in law warrants Rule 60(b)(6) relief, we consider six "well-reasoned principles," *id.* at 1140: (1) the nature of the change in the law; (2) the movant's diligence; (3) the parties' reliance interests in the case's finality; (4) the delay; (5) the relationship between the original judgment and the change in the law; and (6) comity. *Henson v. Fidelity Nat'l Fin., Inc.*, 943 F.3d 434, 446–53 (9th Cir. 2019). Although this list is neither rigid nor exhaustive, courts must "intensively balance all the relevant factors," *id.* at 444 (internal quotation marks omitted), which did not happen here.

First, the nature of the intervening change in law here counsels in favor of granting relief. It neither "upset or overturn[ed] a settled legal principle," as the application of the public utility rule to companies like Plains "was decidedly *un*settled at the time [the question] was before the district court." *Phelps*, 569 F.3d at 1136.[3] Moreover, when the California Court of Appeal weighed in on this question, it vindicated "the interpretation [Venoco] had pressed all along." *Id.*

Second, Venoco acted diligently in pursuing relief. While Venoco could have requested a stay pending the California Court of Appeal's *State Lands*

---

[3] To argue that the *State Lands* decision did not change the law, the dissent relies on the fact that the public utility rule question was unsettled when it was initially before the district court. **Dissent 3–4.** This is in tension with our holding in *Phelps*, however, that a change in law regarding an unsettled question is more likely to warrant Rule 60(b)(6) relief than a change that overturns a settled legal principle.

decision before the Ninth Circuit issued its decision, Venoco diligently advocated its position in a number of other ways. *See id.* at 1136–37. It advocated its position before the district court in its opposition to Plains' motion to dismiss and in its Rule 59(e) motion, before our circuit on appeal, and before the California Court of Appeal as an amicus curiae in the *State Lands* case. Furthermore, Venoco filed its Rule 60(b)(6) within a month of the *State Lands* decision, which is a "reasonable time" to seek relief. *See Bynoe v. Baca*, 966 F.3d 972, 984–85 (9th Cir. 2020).

Third, it was inappropriate to focus solely on the "abstract interest in finality, but not, as *Phelps* instructed, whether [the parties] had any reliance interest in the finality of the judgment." *Henson*, 943 F.3d at 450. Plains provides no argument that it had any reliance interest in finality, nor does our review of the record yield any evidence of reliance interests.

Fourth, the length of delay weighs in Venoco's favor. Venoco filed its Rule 60(b)(6) motion less than a month after the California Court of Appeal issued the *State Lands* decision, *see Bynoe*, 966 F.3d at 980, and just over four months after the Ninth Circuit decision affirming the district court's dismissal of *Venoco*—in fact, Venoco's deadline to petition for certiorari had not yet expired. *Cf. Phelps*, 569 F.3d at 1126–27.

Fifth, the direct relationship between the original judgment and the change

5

in law is especially important here. *State Lands* involved the same oil spill, the same legal doctrine, and the same defendant as the ruling that Venoco challenged. Given the "close connection between the two cases," this factor tips the scales heavily toward finding "the circumstances sufficiently extraordinary to justify disturbing the finality of the original judgment." *Id.* at 1139 (cleaned up).

Finally, granting relief under Rule 60(b)(6) advances the interests of comity. As this is a diversity case that hinges on the application of a California common law doctrine, it goes to the heart of comity's concern with tensions "between the independently sovereign state and federal judiciaries." *Henson*, 943 F.3d at 453 (internal quotation marks omitted). Rejecting the California Court of Appeal's interpretation of its own state law doctrine would only injure comity interests, especially because it applied this doctrine to the same defendant on the basis of virtually identical facts.

Therefore, we **REVERSE** the district court's order denying Venoco's Rule 60(b)(6) motion and **REMAND** to the district court with directions to reopen the case.



*Venoco, LLC, v. Plains Pipeline*, 21-55193

HURWITZ, Circuit Judge, dissenting:

"We require 'extraordinary circumstances justifying the reopening of a final judgment' under Rule 60(b)(6) and have outlined 'six factors that may be considered, among others, to evaluate whether extraordinary circumstances exist.'" *Riley v. Filson*, 933 F.3d 1068, 1071 (9th Cir. 2019) (citations omitted). But "the key issue is whether there was 'a change in the law,' and so we do not need to reach the other five factors if there was no change." *See id.* (citations omitted); *see also Polites v. United States*, 364 U.S. 426, 433 (1960) (affirming denial of Rule 60(b) relief in absence of "a clear and authoritative change in governing law"). Because the decision of a divided panel of the California Court of Appeal in *State Lands Commission v. Plains Pipeline, L.P.*, 57 Cal. App. 5th 582 (2020) was not a change in California law, the district court did not abuse its discretion in denying relief under Rule 60(b)(6). I therefore respectfully dissent.

1. To be sure, *State Lands* directly conflicts with our decision in *Venoco, LLC v. Plains Pipeline, L.P.*, 814 F. App'x 318 (2020).[1] But a change in the law for purposes of Rule 60(b)(6) relief is generally not established simply because a state

---

[1] I assume for today's purposes that *State Lands*, although not a decision of the California Supreme Court, accurately states California law. *See In re Watts*, 298 F.3d 1077, 1082 (9th Cir. 2002); *Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 219 (9th Cir. 2013).

court disagrees with a federal court's prior interpretation of an unsettled issue. *See Hollister v. Forsythe*, 1996 WL 416242, at *1 n.3 (9th Cir. 1996) ("Hollister is essentially arguing that a subsequent decision by the Montana Supreme Court renders the federal court's previous application of unsettled state law invalid and, therefore, extraordinary circumstances exist for relief from judgment. We reject this argument."); *Kan. Pub. Emps. Ret. Sys. v. Reimer & Koger Assocs., Inc.*, 194 F.3d 922, 925 (8th Cir. 1999) ("[T]here is nothing in the *Erie* doctrine that requires federal courts to sacrifice the finality of their judgments because state courts subsequently interpret state law differently than the federal courts have done."); *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 131 F.3d 625, 628–29 (7th Cir. 1997) (noting that "[g]enerally, a change in state decisional law is insufficient to constitute an extraordinary circumstance warranting relief under Rule 60(b)," and concluding that the district court's interpretation of Indiana law was "valid and well-reasoned"); *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 750 (5th Cir. 1995) ("The general rule that a change in decisional law will not ordinarily warrant Rule 60(b)(6) relief has greater force in an *Erie* case because in this context a federal court is doing no more than fulfilling its obligation scrupulously to determine how a state court would decide a question."); *DeWeerth v. Baldinger*, 38 F.3d 1266, 1273–74 (2d Cir. 1994) ("The very nature of diversity jurisdiction leaves open the possibility that a state court will subsequently disagree with a federal court's interpretation of state law.

2

However, this aspect of our dual justice system does not mean that all diversity judgments are subject to revision once a state court later addresses the litigated issues. Such a rule would be tantamount to holding that the doctrine of finality does not apply to diversity judgments, a theory that has no basis in *Erie* or its progeny."); *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (holding that the district court did not abuse its discretion in denying a motion for relief from judgment based on a change in state law).[2]

2. *State Lands* held that California's public utility exception did not apply to Plains Pipeline because even if it technically was a public utility, it served only a few customers, not the public at large. *See* 57 Cal. App. 5th at 587. No previous California case addressed that issue, so at most it was unsettled at the time this Court

---

[2] The majority suggests that this line of cases is no longer valid after *Phelps v. Almeida*, 569 F.3d 1120 (9th Cir. 2009). But *Phelps* simply rejected, consistent with the Supreme Court's decision in *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the suggestion in prior Ninth Circuit cases that a change in the law can *never* justify Rule 60(b)(6) relief. *See Phelps*, 569 F.3d at 1131–32. Importantly, both *Gonzalez* and *Phelps* involved changes in *federal* law. They do not implicate the settled notion that a subsequent disagreement by a state court with a prior "*Erie* guess" about state law is generally not a basis for Rule 60(b)(6) relief. Indeed, federal courts have continued to apply that doctrine, and rely upon the cited cases, after *Gonzalez*. *See, e.g.*, *Priester v. JP Morgan Chase Bank, N.A.*, 927 F.3d 912, 913 (5th Cir. 2019) (noting that the general rule has "greater force in an *Erie* case") (quoting *Batts,* 66 F.3d at 750); *Doe ex rel. Doe v. White*, 920 F. Supp. 2d 919, 922–23 (C.D. Ill. 2013) (citing *Cincinnati Ins. Co.,* 131 F.3d at 628). To the extent that *Phelps* suggests that the settling of a previously open question of *federal* law is more likely to support Rule 60(b)(6) relief than a reversal of such law, *see* 569 F.3d at 1124, 1136, it does not affect the principles of dual federalism that underlie the cited cases.

3

issued its decision in *Venoco*. Indeed, if the issue had been settled to the contrary by prior decisions of the California Supreme Court, the intermediate Court of Appeal plainly could not have changed that settled law. Nor did it purport to do so. The *State Lands* majority instead plainly addressed an issue of first impression, analyzing whether the principles underlying the general California rule required its application in "the circumstances here." *Id*. at 584, 586–87. Indeed, the appellate court stressed that it was applying the teachings of California precedents in arriving at its decision, declining to apply the public utility doctrine because the policy considerations that it believed informed those prior decisions were not present in this circumstance. *Id*. at 586–87 (citing *White v. S. Cal. Edison Co.*, 25 Cal. App. 4th 442, 448 (1994); *Lowenschuss v. S. Cal. Gas Co.*, 11 Cal. App. 4th 496 (1992); *Niehaus Bros. Co. v. Contra Costa Water Co.*, 159 Cal. 305, 318–19 (1911); *Town of Ukiah City v. Ukiah Water & Improvement Co.*, 142 Cal. 173, 178 (1904)). Because the *State Lands* panel did not make new law, this is not a case warranting Rule 60(b) relief.

3. I recognize that the upshot of denying Rule 60(b) relief is that Venoco loses a diversity suit on which it would have prevailed in state court. But that is sometimes the consequence of our system of federalism, and the obvious interest in the finality of federal judgments does not allow Rule 60(b) relief on that basis alone. Rather, a change in the law is required, and because there was none here, I respectfully dissent.

4